## BAGLEY *v.* GENERAL FIRE EXTINGUISHER COMPANY.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 96.   Argued January 27, 1909.—Decided February 23, 1909.

While the judgment of the Circuit Court of Appeals is not final under act of March 3, 1891, c. 517, 26 Stat. 826, 828, where diverse citizenship exists, if the application of the Constitution of the United States is also invoked in the complaint, *Spreckels Sugar Refining Co.* v. *McClain*, 192 U. S. 397, the judgment is final if the constitutional right is raised for the first time on the trial.

In a suit where the jurisdiction of the Circuit Court is based on diversity of citizenship a recital in the petition that a judgment was rendered in another State does not amount to asserting the constitutional right that full faith and credit be given thereto so as to deprive the judgment of the Circuit Court of Appeals of its finality.

The full faith and credit clause of the Constitution does not give any force to a judgment against a stranger; and a decision that a defendant is not estopped by a judgment by reason of notice given to him to defend does not amount, even if wrong, to a refusal to give effect to the judgment within the meaning of the full faith and credit clause of the Constitution.

Writ of error to review 150 Fed. Rep. 284, dismissed.

THE facts are stated in the opinion.

*Mr. Henry B. Closson* for plaintiff in error.

*Mr. Peter B. Olney* for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action for damage caused by the melting on a hot day of fusible sprinkler heads in an automatic sprinkler put up in the plaintiff's building by the defendant for protection against fire. The complaint alleges diversity of citizenship, negligence on the part of the defendant, injury to goods of two tenants in the building, suits by or in the right of the tenants against the plaintiff, which the plaintiff notified the defendant to defend, the recovery of judgments, one of which was affirmed by the Supreme Court of Michigan, *Peerless Manufacturing Co.* v. *Bagley,* 126 Michigan, 225, and payment of the same by the plaintiff, who seeks to recover the sums paid, interest, and the costs of defense. The answer denies many of the material allegations, and relies upon the terms of the written contract under which the work was done, alleging the same to have been performed and the work accepted. The contract required the material to be first class, and all work specified to be done in a thorough and workmanlike manner, and in conformity with the Improved Risks Commission standard for automatic sprinkler installations. It also contained this clause: "It is explicitly understood and agreed that no obligations other than herein set forth and made a part of this proposal and acceptance shall be binding upon either party." The case was sent to a referee, and he found that the obligations of the agreement were fulfilled, that contrary to rulings asked by the plaintiff the Michigan judgment did not determine that the defendant was negligent, or bind it, and that the defendant was entitled to judgment. Upon the referee's findings the complaint was dismissed on the merits by the Circuit Court, and the judgment was affirmed by the Circuit Court of Appeals. 150 Fed. Rep. 284.

The first question that arises is whether this court has jurisdiction, and upon that we are of opinion that the plaintiff's argument fails. When the jurisdiction below depends entirely upon diversity of citizenship, the judgment of the Circuit Court

of Appeals is final, by the express terms of the Act of March 3, 1891, c. 517, § 6. 26 Stat. 826, 828. This, of course, is not denied, but it is said that this section does not exclude a resort to this court when the complaint also invokes the application of the Constitution of the United States. *Spreckels Sugar Refining Co.* v. *McClain*, 192 U. S. 397. It is urged that if an exception is made to the universality of the words when the constitutional question is disclosed in the complaint, it is unreasonable not to extend it sufficiently to include cases where the same question is raised at the trial, as it was in the present instance, and where the matter might have been brought at once from the Circuit Court to this court. *Loeb* v. *Trustees of Columbia Township*, 179 U. S. 472. But the difference is plain. When the constitutional right is claimed in the complaint, the jurisdiction does not depend entirely upon diversity of citizenship, and the exception is not read into the words, but is expressed by the act. When the question is raised at the trial for the first time the case cannot be taken up from the Circuit Court of Appeals without a direct disregard of the words. The difference is pointed out in both of the cases to which we have referred. *Walsh* v. *Columbus &c. Railroad Co.*, 176 U. S. 479; *Spreckels Sugar Refining Co.* v. *McClain*, 192 U. S. 397, 409, 410. See also *Huguley Manufacturing Co.* v. *Galeton Cotton Mills*, 184 U. S. 290, 295; *American Sugar Refining Co.* v. *New Orleans*, 181 U. S. 277, 282.

Failing the foregoing argument, it is contended that the jurisdiction of the Circuit Court did not depend entirely on the diverse citizenship of the parties. In other words, it is contended that the complaint sufficiently invoked Art. IV, § 1, of the Constitution, by alleging the Michigan judgment, and the fact that in those cases it was averred and adjudged that one of the sprinkler heads was negligently and improperly made of such material as to fuse at too low a temperature, and that the sprinkler and pipes were negligently and improperly erected and placed. But in the complaint there is no intimation, direct or indirect, of a reliance upon the Constitution. On the con-

trary, instead of simply setting forth the defendant's contract, the suits, notice to the defendant to defend, and the judgments, and thus at least implying that for some reason those judgments were supposed to establish the defendant's liability, it is most elaborately alleged, seemingly as issuable matter, that the defendant was negligent in its work and did not do what it had agreed to perform. The judgments seem on the face of the complaint to be referred to primarily, if not solely, as fixing the amount of the plaintiff's claim. See further *Provident Savings Life Assurance Co.* v. *Ford,* 114 U. S. 635; *Pope* v. *Louisville, New Albany & Chicago Ry. Co.,* 173 U. S. 573, 580.

But if the plaintiff had set forth in so many words that he came into court relying upon full faith and credit being given to the Michigan judgment under the Constitution, still, on the face of the complaint, it would have been obvious that the Constitution was not the basis of his claim, as it is obvious, on reading the opinion of the Circuit Court of Appeals, that full faith and credit to the Michigan judgment has not been denied. The defendant was no party to that judgment, and there is nothing in the Constitution to give it any force as against strangers. If the judgment binds the defendant it is not by its own operation, even with the Constitution behind it, but by an estoppel arising out of the defendant's contract with the plaintiff and the notice to defend. The ground of decision in both courts below was that there was no such estoppel, the duty and responsibility of the defendant being limited by the words that we have quoted from the contract, excluding any obligation other than those set forth. The decision, in other words, turned wholly on the construction of the contract as excluding a liability over in the event that happened. Even if wrong, it did not deny the Michigan judgments their full effect, but denied the preliminary relation between the defendant and the party to them, without which the defendant remained a stranger to them, in spite of the notice to defend.

*Writ of error dismissed.*