## WEIR *v.* ROUNTREE.

APPEAL FROM THE UNITED STATES CIRCUIT COURT OF APPEALS
FOR THE EIGHTH CIRCUIT.

No. 769. Motion to dismiss or affirm submitted February 21, 1910.—
Decided February 28, 1910.

Where the Circuit Court would not have had jurisdiction had the allegations of diverse citizenship been stricken from the bill the decision of the Circuit Court of Appeals is final.

Appeal from 173 Fed. Rep. 776, dismissed.

*Mr. Eugene F. Ware* for the appellee in support of the motion.

*Mr. William C. Scarritt* for the appellants in opposition thereto.

*Per Curiam.* Bill was filed by the express company to restrain Mrs. Rountree from bringing suit against the company, which was directed to be dismissed for want of jurisdiction because there was no diversity of citizenship and no Federal ground for jurisdiction. *Rountree* v. *Adams Express Co.,* 165 Fed. Rep. 152. From this decree no appeal was taken.

A second suit on the same alleged cause of action was then brought in the name of the officers of the company, Levi C. Weir and others, alleging their diverse citizenship. The second suit was dismissed by the Circuit Court and carried to the Circuit Court of Appeals for the Eighth Circuit, and the latter court affirmed the decree of the Circuit Court. *Weir* v. *Rountree,* 173 Fed. Rep. 776.

This appeal was then prosecuted, but we are of opinion that it cannot be maintained. *Colorado Central Consolidated Mining Co.* v. *Turck,* 150 U. S. 138; *Bagley* v. *General Fire Extinguisher Co.,* 212 U. S. 477. If the allegations which set up diversity of citizenship were stricken from the bill, the

Federal court would have had no jurisdiction. Being relied on, the decree of the Circuit Court of Appeals was final.

*Appeal dismissed.*