ROMAN CATHOLIC CHURCH OF ST. ANTHONY OF PADUA, JERSEY CITY, *v.* THE PENNSYLVANIA RAILROAD COMPANY.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 269. Argued May 7, 1915.—Decided June 1, 1915.

This court cannot review the judgment of the Circuit Court of Appeals when the complaint alleged diversity of citizenship unless there remain in the complaint, if the averments of such diversity were disregarded, such averments as to existence of rights under the Constitution and laws of the United States as are adequate to sustain jurisdiction.

Inadequacy of averments in the bill to sustain jurisdiction under the Constitution and laws of the United States cannot be cured by showing that the nature and character of the acts relied upon are sufficient to justify the implication that such Constitution and laws were relied upon.

In this case the facts alleged in regard to damages caused by negligent

operation of its railroad by the carrier defendant exclude affixing to such acts the character of state action so as to bring them within the Fourteenth Amendment.

*Quære* whether the operation of a railroad, not on a public highway but on private property, can be treated as state action within the meaning of the Fourteenth Amendment.

Appeal from 207 Fed. Rep. 897, dismissed.

THE facts, which involve the jurisdiction of this court of appeals from judgments of the Circuit Courts of Appeal, are stated in the opinion.

*Mr. Frank M. Hardenbrook,* with whom *Mr. Marshall Van Winkle* was on the brief, for appellant.

*Mr. Albert C. Wall,* with whom *Mr. James B. Vredenburgh* was on the brief, for appellee.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

Brought in the Circuit Court of the United States for the District of New Jersey and there decided, this case was taken by appeal to the Circuit Court of Appeals for the Third Circuit where the decree of the Circuit Court was affirmed. 207 Fed. Rep. 897. It is here on appeal upon the assumption that the decree of affirmance is susceptible of being here reviewed, and at the threshold because of a motion to dismiss we come to consider whether the assumption of jurisdiction to review has any foundation.

There is no question concerning the jurisdiction of the Circuit Court and of the Circuit Court of Appeals to review the action of that court, since the complaint expressly alleged diversity of citizenship. But as this court has no power under the statute to review the decision of the Circuit Court of Appeals in a case where the jurisdiction of the Circuit Court was invoked alone upon diversity

of citizenship, it follows that whether we have jurisdiction depends upon whether the jurisdiction of the Circuit Court was by the pleadings invoked not alone because of diverse citizenship, but also because rights under the Constitution and laws of the United States were expressly asserted in the pleadings as a basis for jurisdiction. In other words, the inquiry is whether if the averments in the complaint of diversity of citizenship were disregarded, there would yet remain in the complaint such averments as to the existence of rights under the Constitution and laws of the United States as would be adequate to sustain jurisdiction. *Bagley* v. *General Fire Extinguisher Co.*, 212 U. S. 477; *Weir* v. *Rountree*, 216 U. S. 607; *Shulthis* v. *McDougal*, 225 U. S. 561; *Hull* v. *Burr*, 234 U. S. 712, 720.

The cause of action relied upon was injury inflicted on the property of the complainant and wrong suffered by its officers and agents in their persons occasioned by a nuisance produced by the operation of the trains of the Railroad Company along its tracks alleged to be situated on Sixth Street in Jersey City. The ownership by the complainant of a church, a schoolhouse and other property in the immediate vicinity of Sixth Street, the damage by interruption of light and view and the injury by smoke and dust and cinders were in the bill fully and graphically described. But the only passage in the bill which in any degree whatever gives basis for the assumption that jurisdiction was invoked because of a reliance on rights claimed under the Constitution and laws of the United States is Paragraph XI, which is as follows:

"XI. That the said acts of the defendant have taken from your orator property consisting of the easement of light and air to which your orator is legally entitled, and deprives it of the same without due process of the law, and without just compensation, or any compensation whatever, and that such acts of the defendant in such interference with and appropriation of said property of

your orator has been, and now is, a violation of the provisions of the Constitution of the United States."

As from any point of view it is impossible because of the vagueness of these averments to escape, to say the least, doubt as to whether the bill asserted rights under the Constitution and laws of the United States which would be adequate to sustain the jurisdiction of the Circuit Court if the allegations of diversity of citizenship were stricken out, it follows that they are insufficient to sustain the claim of jurisdiction, since the rule is that averments to accomplish that result must be expressly and clearly made. *Hull* v. *Burr,* 234 U. S. 712, 720. Indeed, it is apparent on the face of the paragraph of the bill which we have quoted that it entirely fails even vaguely to manifest the purpose to base the jurisdiction of the court upon the fact that constitutional rights were relied upon. So completely is this the case that the argument made by the appellant to sustain jurisdiction frankly admits that the averments of the bill are inadequate for that purpose, but suggests that the nature and character of the acts relied upon are sufficient to justify the implication that the Constitution of the United States was relied upon as a basis for jurisdiction and thus to cure the insufficiency. Thus in the argument it is said: "While reference to the Constitution in the complaint is not sufficient to invoke jurisdiction, the facts as alleged in the complaint of the acts of nuisance committed by the defendant, the evidence of which is entirely undisputed in the record, show conclusively that the acts of the defendant in permitting black smoke, particles of unconsumed carbon, soot, cinders, ashes, coal dust and noxious and unwholesome gases and offensive odors and vapors from its said engines and locomotives to fall upon or enter into the premises and structures of the complainant in such appreciable quantities as to interfere with the reasonable use thereof and render uncomfortable the reasonable enjoyment of the

same by the complainant and the priests connected therewith, the teachers and children connected with the school and persons using the said respective structures of the complainant" amounted to a violation of the Constitution of the United States.

But even if this impossible assumption were yielded to there would yet be no ground upon which to rest jurisdiction, since the bill contains allegations which would exclude the possibility of implying from the facts alleged that there was an intention to base jurisdiction on rights asserted under the Constitution of the United States. We say this because paragraph XII of the bill unmistakably charges that the acts complained of were the result of the negligence of the carrier in operating its trains, thus excluding the possibility of affixing to them the character of state action so as to bring them within the Fourteenth Amendment. The paragraph in question is as follows:

"XII. That the aforesaid acts, use, occupation of and appropriation by the defendant as aforesaid constitute and are a nuisance to and one of special injury to your orator, and are unnecessary, avoidable and unreasonable, and not necessarily connected with the construction or a reasonable operation of the said railroad, and which acts are continuous, and which will cause great and irreparable loss to your orator and subject your orator to the prosecution of a multiplicity of suits for damages unless the defendant be restrained by injunction from the commission thereof."

It is true that in the opinion of the court below it is said that the case of the complainant was pressed upon it in the argument upon two grounds: wrong resulting from acts of mere negligent operation on the part of the railroad and wrongs necessarily arising from even a careful operation by the railroad of its trains over its tracks situated in the street as alleged in the complaint. But here again

if we disregarded the pleadings and tested the jurisdiction by the statements in the opinion of the court below as to the arguments urged upon it, the situation as to the absence of a Federal question adequate to confer jurisdiction would be manifested. We say this because the opinion also states that it was established by the proof and not controverted in the argument below that the tracks of the railroad were not on Sixth street as alleged in the bill, but were on a right of way not part of a street, a situation which at once gives rise to the inquiry whether the operation of the road complained of could under this condition be treated as state action within the meaning of the Fourteenth Amendment.

*Dismissed for want of jurisdiction.*