Argued and submitted January 8, judgments for plaintiffs vacated and remanded for
further proceedings June 1, 1988

NASEF et al,
*Respondents,*

*v.*

U & I INVESTMENTS, INC., et al,
*Defendants,*

ALLIED FIDELITY INSURANCE COMPANY,
*Appellant.*

(A8502-00735; CA A44716)

755 P2d 136

Christopher C. S. Blattner, Portland, argued the cause for appellant. With him on the brief was Joseph, Babener & Carpenter, Portland.

Peter L. Barnhisel, Corvallis, argued the cause for respondents. With him on the brief was Fenner, Barnhisel, Willis & Barlow, Corvallis.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Allied Fidelity Insurance Company (Allied) appeals from the trial court's judgments awarding plaintiffs $99,000 in damages, plus interest, costs and attorney fees, in this action on an insurance contract.[1] Allied first assigns error to the trial court's denial of its pretrial motion to stay the proceedings on the ground that Allied is the subject of insolvency proceedings in Indiana, its "domiciliary state," and, therefore, that no proceedings against it in Oregon's courts are permissible. *See* ORS 734.030; ORS 734.050(1).

Oregon and Indiana have both enacted versions of and are "reciprocal states" under the Uniform Insurers Liquidation Act. ORS 734.030 *et seq;* ORS 734.240 *et seq;* Ind. Code 27-9. After this action was brought, the Circuit Court for Marion County, Indiana, entered an order of rehabilitation, appointing the Indiana Insurance Commissioner as the rehabilitator for Allied, and a subsequent order in response to the rehabilitator's petition for instructions concerning litigation. The latter order enjoins the "commencement, prosecution or further prosecution of any suit, action or other proceeding against or involving Allied or the Rehabilitator * * * wherein the matter in controversy is, or is alleged to be, in excess of the value of $10,000." The injunctive order allows "any person * * * to request that any suit, action or proceeding described [above] be dismissed with or without prejudice or stayed." The order further provides:

> "All persons desirous of commencing, prosecuting or further prosecuting any suit, action, or proceeding * * * are directed to do so in this Court as a part of this rehabilitation proceeding or, in the alternative, to seek leave of this Court, with prior notice to the Rehabilitator and his counsel, to institute or prosecute such *action or proceeding elsewhere*."

The injunctive order also authorizes the rehabilitator "to employ, or continue the employment of, appropriate special or local legal counsel to represent the interests of Allied or its insureds and the Rehabilitator."

ORS 734.270(1) and (2) provide:

---

[1] The jury decided plaintiffs' other claims against Allied in Allied's favor. Plaintiffs' claim against the other defendants were decided by separate judgments, and those defendants are not parties to this appeal.

"(1)   In a delinquency proceeding in a reciprocal state against an insurer domiciled in that state, claimants against such insurer who reside within this state may file claims either with the ancillary receiver, if any, appointed in this state, or with the domiciliary receiver. All such claims must be filed on or before the last date fixed for the filing of claims in the domiciliary delinquency proceedings.

"(2)   Controverted claims belonging to claimants residing in this state may either:

"(a)   Be proved in the domiciliary state as provided by the law of that state; or

"(b)   If ancillary proceedings have been commenced in this state, be proved in those proceedings."

No Oregon "ancillary receiver" for Allied has been appointed, and no ancillary proceedings have been commenced. *See* ORS 734.200; ORS 734.240.

The precise basis for the trial court's denial of Allied's motion is unclear, although the court expressed a variety of concerns at the hearing on the motion. Plaintiffs argue:

"The information submitted to [the court] by [Allied] in support of its April 4, 1986 motion for the stay was not sufficient to justify interfering with the trial which was scheduled to commence on April 28, 1986. The transcript of the oral argument on that motion shows that [Allied's] attorneys vacillated in regard to who [sic] they represented; and indicates that the Rehabilitator in the Indiana proceedings would not subject himself to the jurisdiction of an Oregon court. [Allied] did not even bother to have properly authenticated copies of the Indiana orders entered into the record at that hearing.

"The Rehabilitation Orders were temporary in nature, pending a decision whether the company would be placed in final liquidation. The company was not placed in liquidation until June of 1986, after Plaintiffs' trial was completed. Under these circumstances, it should be within the trial judge's discretion whether to grant or deny the request for a stay."

■■   We disagree. The court did not base its ruling on the insufficiency of the documentation, which consisted of copies of the two orders of the Indiana court. The pendency of the proceeding in that state was subject to judicial notice. OEC 202(2). If the court was dissatisfied with the documentation, it could have required—and still may require—Allied to produce

more satisfactory proof. The fact that the orders may have been "temporary in nature" is inconsequential. They remain in effect until superceded by any later actions of the Indiana court and, at the time when Allied's motion was denied, they specifically foreclosed further proceedings in the Oregon trial court.

Plaintiffs' contentions that Allied's attorney "vacillated" as to whether he represented Allied or the rehabilitator, and that the latter would not subject himself to the trial court's jurisdiction, are without merit. Whichever entity the attorney was representing, he had authority to seek the stay by the terms of the Indiana court's order. Finally, assuming that the rehabilitator would not submit to the jurisdiction of the Oregon court, ORS 734.270 and the order of the Indiana court give him the right, and perhaps the responsibility, not to submit. *See* ORS 734.250. The statute could not be more clear. The existence of the deliquency proceeding in Indiana barred the further prosecution of this action.[2] The denial of the motion was error.

Allied also assigns error to the court's denial of its motion for a directed verdict at trial and to the court's award of attorney fees to plaintiffs. Neither assignment has merit or requires discussion.

■ The remaining question is, "What do we do now?" Although the trial should not have been conducted, it was. There was no demonstrated error in it, and a judgment against Allied resulted. *We* do not know what the current status of the Indiana proceeding is. The best disposition, in our view, is to vacate the judgment on the merits, and the judgment for costs and attorney fees, and to remand to the trial court to ascertain the status of the Indiana delinquency proceeding. If the present status so allows, the court may reinstate the judgments. If the Indiana proceeding remains at bar, the trial court should conduct appropriate further proceedings. Those may include,

---

[2] Plaintiffs also argue that certain pretrial orders by the Supreme Court and this court decided the stay question adversely to Allied and are the law of the case. Plaintiffs are incorrect about what those orders decided. They also argue that the fact that the trial took place renders the denial of the stay moot. That argument is tautological.

We decide this assignment of error on statutory grounds and do not reach Allied's argument based on the Full Faith and Credit Clause. U.S. Const., Art IV, § 1.

without limitation, granting a stay pending any resolution of the Indiana proceeding which would permit this action to go forward, or entertaining a motion to dismiss if and when there is a resolution in Indiana which permanently bars the prosecution of this action.

Judgments for plaintiffs vacated; remanded for further proceedings not inconsistent with this opinion.