INTEGRITY INSURANCE COMPANY, Appellant, *v.* FRANK MARTIN, dba MARTIN-HARRIS CONSTRUCTION COMPANY, Respondent.

No. 18907

February 22, 1989            769 P.2d 69

---

[1]The Honorable Robert E. Rose did not participate in the decision of this appeal.

*Vallette & Bassin* and *Kelly R. Chase,* Tonopah, for Appellant.

*Keith E. Galliher,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Appellant, Integrity Insurance Company ("Integrity"), is a stock property and casualty insurance company incorporated in New Jersey. Integrity's principal place of business is also New Jersey. Integrity was issued a Certificate of Authority to do business in Nevada on July 6, 1973.

Respondent, Frank Martin, dba Martin-Harris Construction Company ("Martin"), entered into a contract with the U.S. Department of Energy to perform work on the Mead Substation Modification project. Martin subcontracted with Eagle Electric to perform electrical work on the project.

On February 2, 1981, Integrity issued a performance bond on behalf of Eagle Electric for the benefit of Martin. Subsequently, Eagle Electric failed to perform and Martin obtained a contractor to complete the work. Martin notified Integrity of the default and sought an arbitration award pursuant to the subcontract. On March 3, 1982, Martin obtained a favorable arbitration award and demanded payment from Integrity. Integrity refused to honor

the claim. On November 2, 1983, the Eighth Judicial District Court confirmed the arbitration award and Martin instituted this action against Integrity to recover the amount of the arbitration award.

While the case was still pending before the district court, the Superior Court of Bergen County, New Jersey issued an order liquidating Integrity pursuant to the Uniform Insurers Liquidation Act (UILA). NJSA 17B:32-1 *et seq.* and NJSA 17:30C-1 *et seq.* The order of liquidation "permanently enjoined and restrained [all claimants] . . . from bringing, maintaining or further prosecuting any action at law, suit in equity, special or other proceeding against Integrity or its estate. . . ."

Subsequently, the district court granted Integrity's counsel's motion to withdraw, and Martin served Integrity with Requests for Admissions. Integrity did not respond. Martin then filed a Motion for Summary Judgment based on Integrity's failure to respond. The district court granted Martin summary judgment. Integrity then moved the district court to vacate the order and strike all pleadings filed after March 24, 1987 and grant Integrity attorney's fees. After a hearing the district court denied Integrity's motion and awarded Martin attorney's fees. This appeal followed.

Integrity contends that the district court erred by refusing to vacate its order granting summary judgment. Specifically, Integrity contends that once the order of liquidation was issued Martin's action was stayed and his exclusive remedy was to file a claim in the domiciliary state because no ancillary receiver had been appointed in Nevada.

Nevada has adopted the UILA. *See* NRS 696B.280, §§ 696B.030 through 696B.180 and 696B.290 through 696B.340. The UILA authorizes the court in which a delinquency proceeding was instituted to enjoin all claims against the insurer, including claims existing prior to an order of liquidation. *See* Joplin Corp. v. State ex rel. Grimes, 570 P.2d 1161 (Okla. 1977). Emons Industries, Inc. v. Liberty Mutual Fire Insurance Co., 545 F.Supp. 185, 191 (S.D.N.Y. 1982); Dean Construction Co. v. Agricultural Insurance Co., 254 N.Y.Supp.2d 196, 198 (N.Y.App.Div. 1964). Furthermore, absent the appointment of an ancillary receiver the UILA requires that the claimant prove his claim in the domiciliary state. *See* NRS 696B.320; G.C. Murphy Co. v. Reserve Insurance Co., 429 N.E.2d 111, 115 (N.Y.Ct.App. 1981).

Although Integrity failed to file for a stay, it was entitled to have the district court's order granting summary judgment

vacated and the proceeding stayed. Martin's claim against Integrity was properly enjoined by the New Jersey court's order of liquidation even though the claim existed prior to the order of liquidation.[1] Furthermore, because no ancillary receiver had been appointed in Nevada, Martin was required to prove his claim in New Jersey. *See* NRS 696B.320. Any other interpretation of the UILA would frustrate its purpose "to make uniform the laws of those states which enact it." *See* NRS 696B.280(3). Therefore, we conclude that the district court erred in not vacating its order granting summary judgment.

Integrity also contends that the district court abused its discretion by awarding Martin attorney's fees in its order denying Integrity's motion to vacate summary judgment. The district court provided no reasons for awarding Martin attorney's fees. This court may review discretionary acts of the district courts and reverse them if this court finds that they are arbitrary and capricious. Schouweiler v. Yancey Co., 101 Nev. 827, 712 P.2d 786 (1985). The failure of the district court to state a basis for the award of attorney's fees is an arbitrary and capricious action. Without a stated basis for the award this court cannot determine whether the district court's award was proper. Therefore, the district court's order of attorney's fees is reversed.

We have reviewed Integrity's remaining contention and determined that it is without merit. Accordingly, we reverse the district court's grant of summary judgment and its award of attorney's fees to Martin in its order denying Integrity's motion to vacate summary judgment.

---

[1]Injunctions barring all actions against an insolvent insurer under the UILA are entitled to full faith and credit in order to ensure that the assets of insolvent insurers are divided fairly. *See* Janak v. Allstate Ins. Co., 319 F.Supp. 215 (W.D.Wis. 1970).