[No. 23521–4–I. Division One. May 7, 1990.]

ALLIED FIDELITY INSURANCE CO., *Appellant,* v. MICHAEL RUTH, *Respondent.*

*David M. Schoeggl* and *Lane Powell Moss & Miller,* for appellant.

*Efrem Z. Agranoff,* for respondent.

GROSSE, J.—Allied Fidelity Insurance Company (hereinafter Allied) appeals the denial of its motion to vacate a summary judgment entered against it in favor of Michael Ruth, one of its former agents. The dispositive issue on appeal is one of jurisdiction.

This case involves a dispute between a bonding company and a bail bond agent. The bonding company, Allied, filed an action in October of 1984 against its agent, Ruth, to seek reimbursement of $29,000 in forfeitures it paid to the State of Hawaii. The contract between the parties obligated Ruth to indemnify Allied for any payment it made as a result of bond forfeitures. Ruth counterclaimed for the return of

$9,621.09 which Ruth paid into a "build–up fund" maintained by Allied to cover forfeitures.

Ruth does not dispute that Allied paid the State of Hawaii the bond forfeitures. However, Ruth claims the bond forfeitures were invalid and that Allied should not have paid them. Ruth brought a motion for summary judgment for dismissal of Allied's complaint and for the amount of his counterclaim. Upon hearing, the motion was continued to enable Allied to submit evidence from the State of Hawaii that the forfeitures were valid, thus controverting Ruth's affidavit. A specific deadline was created by the court after which, if Allied had not submitted the evidence, the motion would be granted. No documentation or evidence was filed by the deadline, and without noting the motion for rehearing, summary judgment was entered dismissing Allied's complaint, granting Ruth's counterclaim, ordering prejudgment interest, and awarding costs and attorney's fees.

Some 4½ months later, Allied brought on a motion to vacate the summary judgment. Attached to Allied's motion was a copy of an order of liquidation entered with respect to Allied in the Marion County Circuit Court in Indiana. This order was pursuant to the insurance liquidation act contained in the Indiana Code pertaining to insolvent insurers. The order entered in the Indiana court included a provision staying all claims against Allied and prohibiting any court outside Indiana from entering money judgments against Allied. Even with a copy of the stay in the order of liquidation before it, the trial court denied the motion to vacate the judgment.

The revised Code of Washington has sections pertaining to insolvent insurance companies. The Washington Uniform Insurers Liquidation Act (Act or Washington Act), RCW 48.31.110–.180, inclusive, applies to all insurance companies being liquidated in Washington and in all reciprocal states. A reciprocal state is defined in RCW 48.31-.110(7) as any state other than Washington in which "in substance and effect" the provisions of this Act are in force.

The Washington Act provides procedures to be followed by Washington residents desiring to file claims against foreign insurers in rehabilitation or liquidation. Such claimants must file their claims either with the ancillary receiver, if any, appointed in this state, or with the domiciliary receiver in the state in which the liquidation is taking place. RCW 48.31.150(1). In Allied's case, there was no ancillary receiver appointed in Washington at the time it commenced the suit. Thus, it is Allied's contention that Ruth could not counterclaim for return of his "build–up fund" because of the order(s) of the Indiana court.

At the time Allied filed suit, it was under rehabilitation orders in Indiana. Under the law of Indiana, Allied was allowed to bring actions in other states and was not precluded from bringing actions until such time as an order of liquidation was filed. Once an order of liquidation is filed then Allied may no longer pursue its own claims, those claims must be pursued by the appointed receiver. However, under Indiana law, Allied is allowed to continue with those cases it filed on its own behalf before the order of liquidation is entered.[1]

Thus, the initial question is whether or not the liquidation statutes of Indiana and Washington are sufficiently similar so that Indiana would be considered a reciprocal state under our Act. A review and comparison of the insurance liquidation statutes of Washington and Indiana is necessary to determine if "in substance and effect" the provisions of the statutes are the same.

As discussed herein, Indiana has an equivalent section for each provision of the Washington Act with the exception of RCW 48.31.180 which is a provision providing for severability of the various sections of the Act. Attached as an appendix is a chart indicating the corresponding sections of the two acts discussed at some length below.

---

[1]The order of liquidation was filed in July of 1986.

1. RCW 48.31.110(7)—Reciprocal States.

The provision of the Indiana Code corresponding to RCW 48.31.110 is found at Ind. Code § 27–9–1–2. This is the definitions section of the Act. It is substantially similar to the Washington provision and even has a similar definition of "reciprocal state."

Ind. Code § 27–9–1–2(p) defines "reciprocal state" in the following terms:

"Reciprocal state" means any state other than Indiana in which:

(1) In substance and effect IC 27–9–3–7(a), IC 27–9–4–3, IC 27–9–4–4, and IC 27–9–4–6 through IC 27–9–4–8 are in force;

(2) Provisions are in force requiring that the commissioner (or equivalent official) be the receiver of a delinquent insurer; and

(3) Some provision exists for the avoidance of fraudulent conveyances and preferential transfers.

The Indiana Code sections referenced in the above definition correspond with the Washington Act. Ind. Code § 27–9–3–7(a) has an equivalent in the Washington code but it is not within the Washington Act. *See* RCW 48.31.060. The Indiana Act has virtually an identical definition of reciprocal state.

2. RCW 48.31.120—Delinquency Proceedings—Domestic Insurers.

The provisions of the Indiana Act corresponding to RCW 48.31.120 are found primarily in Ind. Code § 27–9–3–2, 27–9–3–3, and 27–9–3–7(b). The Washington and Indiana provisions are in some cases nearly identical in wording (compare RCW 48.31.120(3) and IC 27–9–3–2(b)), and are in all cases identical in substance and effect.

3. RCW 48.31.130—Delinquency Proceedings—Foreign Insurers.

RCW 48.31.130(1) corresponds to Ind. Code § 27–9–4–4; RCW 48.31.130(2) corresponds to Ind. Code § 27–9–4–3; and RCW 48.31.130(3) corresponds to Ind. Code § 27–9–4–5.

### 4. RCW 48.31.140—Claims of Nonresidents Against Domestic Insurer.

RCW 48.31.140(1) reads:

> In a delinquency proceeding begun in this state against an insurer domiciled in this state, *claimants residing in reciprocal states may file claims either with the ancillary receivers, if any, in their respective states, or with the domiciliary receiver. All such claims must be filed on or before the last date fixed for the filing of claims in the domiciliary delinquency proceedings.*

(Italics ours.) The corresponding Indiana provision, Ind. Code § 27–9–4–6(a) provides:

> In a liquidation proceeding begun in Indiana against an insurer domiciled in Indiana, claimants residing in foreign countries or in states not reciprocal states must file claims in Indiana, and *claimants residing in reciprocal states may file claims either with the ancillary receivers, if any, in their respective states, or with the domiciliary liquidator. Claims must be filed on or before the last date fixed for the filing of claims in the domiciliary* liquidation *proceeding.*

(Italics ours.) The corresponding Indiana provision, Ind. Code § 27–9–4–6(a), provides:

> In a liquidation proceeding begun in Indiana against an insurer domiciled in Indiana, claimants residing in foreign countries or in states not reciprocal states must file claims in Indiana, and *claimants residing in reciprocal states may file claims either with the ancillary receivers, if any, in their respective states, or with the domiciliary liquidator. Claims must be filed on or before the last date fixed for the filing of claims in the domiciliary* liquidation *proceeding.*

(Italics ours.) Both acts allow a resident of a reciprocal state to file claims with either an ancillary receiver in that state or with the domiciliary receiver (in the state where the insurer is domiciled). Implicit in this grant is its inverse that citizens of nonreciprocal states cannot file with an ancillary receiver but must file their claims in the domiciliary state. Therefore, the additional language in the Indiana Act only serves to state explicitly what is implicit in the Washington Act. Second, the Washington Act defines reciprocal state as one having in substance and effect the provisions of the Washington Act. As demonstrated by the

above quoted segments, the Indiana Act does have in substance and effect the provisions of the Washington Act.

RCW 48.31.140(2) and its Indiana counterpart Ind. Code § 27–9–4–6(b) are substantially similar in wording and effect. Both provide that the claims filed in ancillary proceedings in a reciprocal state shall be conclusive as to amount and priority against special deposits or other security located within the ancillary state. Ind. Code § 27–9–4–6(b) adds that such claims shall not be conclusive "with respect to priorities against general assets . . .". Regarding general assets, the Washington Act provides that claims filed in ancillary proceedings shall be conclusive as to "amount." RCW 48.31.160(4). The remaining implication is that such claims, under the Washington Act, are not conclusive as to priority. This interpretation is supported by language in RCW 48.31.160(1) which states: "All such claims . . . shall be given equal priority of payment from general assets regardless of where such assets are located." This language clearly precludes the conclusiveness of a priority determination from an ancillary action.

▮ Moreover, Ind. Code § 27–9–4–6(b) contains all of the substantive provisions of RCW 48.31.140(2). The fact that the Indiana Act contains additional language not inconsistent with the Washington Act is not relevant in determining whether Indiana is a reciprocal state.

5. RCW 48.31.150—Claims of Residents Against Foreign Insurer.

Ind. Code § 27–9–4–7 is the Indiana counterpart to RCW 48.31.150. The two statutes are virtually identical with the only difference being the substitution of the word "Indiana" in place of "this state" as well as a few other minor grammatical differences.

6. RCW 48.31.160—Priority of Certain Claims.

Ind. Code § 27–9–4–9 is the Indiana counterpart to RCW 48.31.160. Subsections (b) and (c) of the Indiana Act are virtually identical to subsections (3) and (4) of the Washington Act. Subsection (a) of the Indiana Act contains similar language to subsection (1) of the Washington Act and

varies from Washington subsections (1) and (2) only to the following extent: Washington will accord a like priority to claims filed in ancillary proceedings as are accorded to Washington claims in the state where the ancillary proceeding is occurring. Indiana provides that the order of distribution of the domiciliary state shall control. Comparison of the statutory order of distribution in the Indiana Act (Ind. Code § 27–9–3–40) with the corresponding section under Washington law (RCW 48.31.280) reveals that they are substantially similar. Therefore, there is no practical difference in the operation of these two provisions as applied to these two states.

7. RCW 48.31.170—Attachment, Garnishment, Execution Stayed.

This section is a substantive provision of the Washington Act and is similar to its Indiana counterpart in Ind. Code § 27–9–4–8.

In our judgment Indiana and Washington are reciprocal states. In support of this ruling, we point out that our decision is in accord with the Oregon Court of Appeals which found the Indiana Act to be a reciprocal act/state as defined in the Oregon Uniform Insurers Liquidation Act (a signatory to the Uniform Insurers Liquidation Act). *See Nasef v. U&I Invs., Inc.,* 91 Or. App. 344, 755 P.2d 136, 138 (1988); *see also Hoiness–LaBar Ins. v. Julien Constr. Co.,* 743 P.2d 1262 (Wyo. 1987) (holding Indiana as a reciprocal state under the Wyoming Uniform Insurers Liquidation Act).

Therefore, it is necessary for Ruth to pursue his claim against Allied in Indiana. Further, the Snohomish County Superior Court had no jurisdiction to enter judgment on Ruth's counterclaim. Once the order from Indiana was brought to the attention of the court it should have vacated the judgment. A judgment entered by a court which lacks jurisdiction is void and must be vacated whenever the lack of jurisdiction comes to light. A trial court has no discretion when dealing with a void judgment; the court must vacate it. *Brickum Inv. Co. v. Vernham Corp.,* 46 Wn.

App. 517, 520, 731 P.2d 533 (1987). Here, the court had no jurisdiction to enter an order against Allied. In Washington, a judgment is void for lack of jurisdiction and is assailable at any time. *Columbia Vly. Credit Exch., Inc. v. Lampson,* 12 Wn. App. 952, 956, 533 P.2d 152 (1975).

The judgment is vacated and the matter remanded to the trial court for such further proceedings as are consistent with the Washington Uniform Insurers Liquidation Act and appropriate orders entered in the course of the liquidation proceedings under way in Indiana.

APPENDIX

| Washington | Indiana |
|---|---|
| RCW 48.31.110 | Ind. Code § 27–9–1–2 |
| RCW 48.31.120 | Ind. Code § 27–9–3–2 |
| | Ind. Code § 27–9–3–3 |
| | Ind. Code § 27–9–3–7(b) |
| | Ind. Code § 27–9–1–6 |
| RCW 48.31.130 | Ind. Code § 27–9–4–3 |
| | Ind. Code § 27–9–4–4 |
| | Ind. Code § 27–9–4–5 |
| RCW 48.31.140 | Ind. Code § 27–9–4–6 |
| RCW 48.31.150 | Ind. Code § 27–9–4–7 |
| RCW 48.31.160 | Ind. Code § 27–9–4–9 |
| RCW 48.31.170 | Ind. Code § 27–9–4–8 |
| RCW 48.31.180 | – – – |

COLEMAN, C.J., and WEBSTER, J., concur.