[No. 19175-0-II. Division Two. April 12, 1996.]

*In the Matter of the Marriage of* ARLYNDA K. DUGAN-GAUNT, *Respondent*, and CHRIS FRED GAUNT, *Appellant*.

*Arlynda K. Dugan–Gaunt*, pro se.

*Terry J. Barnett* and *Rumbaugh, Rideout & Barnett*, for appellant.

ARMSTRONG, J. — In contemplation of divorce, Arlynda Dugan–Gaunt and Chris Gaunt executed a property distribution agreement. Chris agreed to give Arlynda 40 percent of his future workers' compensation benefits. The trial court modified the dissolution decree, ordering Chris's workers' compensation attorney, Terry Barnett, and the insurer to disburse 40 percent of the benefits to Arlynda. Barnett and Chris sought to vacate the order and the trial court denied the motion. Because the trial court lacked jurisdiction over Barnett, and had no authority to order Chris to pay a portion of his benefits to Arlynda, we reverse.

## FACTS

Chris Gaunt and Arlynda Dugan–Gaunt executed a

property distribution agreement in contemplation of their divorce. Under the agreement, Chris agreed to pay Arlynda 40 percent of any future workers' compensation settlement from an on-the-job injury he suffered before marriage. The trial court subsequently entered a dissolution decree.

Because Chris moved out of state and remarried, Arlynda believed that he would not pay the benefits to her. Arlynda sought court modification of the dissolution decree. The trial court ordered, as to the benefits, that:

> Any settlement proceeds shall be allocated and disbursed as follows:
>
> . . . .
>
> (3) Of the remaining balance, if any, the disbursement should be as follows: first, to Arlynda Dugan Gaunt, the sum of $2,311.64 shall be paid; of the remainder, 40% shall be paid to Arlynda Dugan Gaunt, and the remainder to Chris Fred Gaunt or such other individuals as he may designate. Payments to Arlynda Dugan-Gaunt shall be made to her by Crawford & Company or [Chris's] attorney, if any, in care of the following address . . . .

Crawford & Company adjusted Chris's compensation claim. In January 1995, Chris was awarded a permanent partial disability award. Chris and his workers' compensation attorney, Terry Barnett, then sought to vacate the modification order. The trial court denied the motion, and Chris and Barnett appeal.

## ANALYSIS

■ Chris and Barnett argue that because RCW 51.32.040 prohibits the assignment of compensation benefits, the trial court's order is void. An order granting or denying a motion to vacate an order or judgment is reviewed for abuse of discretion. *Northwest Land & Inv., Inc. v. New West Federal Sav. & Loan Ass'n*, 64 Wn. App. 938, 942, 827 P.2d 334, *review denied*, 120 Wn.2d 1002 (1992). A

trial court, however, has no discretion when confronted with a void judgment. *Allied Fidelity Ins. Co. v. Ruth*, 57 Wn. App. 783, 790, 790 P.2d 206 (1990). If a judgment is void, the court must vacate. *Allied*, 57 Wn. App. at 790.

Under the Industrial Insurance Act, a worker may not voluntarily assign any compensation benefits to another person. RCW 51.32.040(1).[1] Any such transfer is void. RCW 51.32.040(1); *see also* A. LARSON, WORKMEN'S COMPENSATION LAW § 2.60 (1989) (claimant's lack of ownership in benefits seen as inability to assign benefits).

 The trial court found that the dissolution decree, as a judicially created lien, was an exception to the statute. Washington courts, however, have held that disability payments that are in the nature of compensation for lost future wages are not an asset for distribution upon dissolution. *In re Kollmer*, 73 Wn. App. 373, 375, 870 P.2d 978, *review denied*, 124 Wn.2d 1022 (1994); *In re Nuss*, 65 Wn. App. 334, 343, 828 P.2d 627 (1992). The court has reasoned that:

> [D]isability payments acquired before the disabled spouse has earned a vested right to retirement benefits are designed to compensate solely for loss of future earnings. To treat such disability payments as a community asset would unfairly and permanently burden those future earnings to the same extent as would an award of permanent alimony. We believe such disability payments should not be considered a community asset subject to division in a dissolution proceeding.

*In re Huteson*, 27 Wn. App. 539, 543, 619 P.2d 991 (1980). Chris's compensation benefits were not before the court in

---

[1] RCW 51.32.040(1) states:

Except as provided in RCW 43.20B.720 and 74.20A.260, no money paid or payable under this title shall, before issuance and delivery of the check or warrant, be assigned, charged, or taken in execution, attached, garnished, or pass or be paid to any other person by operation of law, any form of voluntary assignment, or power of attorney. Any such assignment or charge is void unless the transfer is to a financial institution at the request of a worker or other beneficiary and made in accordance with RCW 51.32.045.

None of the statutory exceptions are applicable to the present case.

the dissolution. *See Huteson*, 27 Wn. App. at 543. The decree, therefore, cannot be used to overcome the clear statutory language prohibiting the transfer of workers' compensation benefits. RCW 51.32.040. Accordingly, the trial court abused its discretion in denying the motion to vacate.

Barnett also argues that the trial court lacked personal jurisdiction over both Barnett and Crawford & Company, the insurer, to require that they forward payment to Arlynda.[2] Because we hold that the trial court's order awarding Arlynda a portion of Chris's compensation was void and must be vacated, we need not discuss this issue.

Reversed and remanded with instructions to vacate that portion of the modification order which purports to assign to Arlynda Dugan–Gaunt part of Chris Gaunt's compensation award.

BRIDGEWATER and TURNER, JJ., concur.

---

[2]Barnett does not have standing to claim lack of personal jurisdiction on behalf of Crawford. The doctrine of standing prohibits a party from asserting another person's legal rights. *Timberlane Homeowners Ass'n v. Brame*, 79 Wn. App. 303, 307, 901 P.2d 1074 (1995).