679 So.2d 1250 (1996)
AMERICAN BONDING COMPANY, Petitioner,
v.
COASTAL METAL SALES, INC., Respondent.
No. 96-00787.
District Court of Appeal of Florida, Second District.
September 13, 1996.
*1251 Steven G. Schember and Ernest J. Marquart of Shumaker, Loop & Kendrick, Tampa, for Petitioner.
Donald D. Clark of Brown, Clark & Walters, P.A., Sarasota, for Respondent.
ALTENBERND, Judge.
American Bonding Company (ABC) petitions for a writ of certiorari, requesting this court to stay proceedings in the circuit court. We grant the petition because ABC is an insurance company in a delinquency proceeding under Arizona's version of the Uniform Insurers Liquidation Act (UILA). Its receiver has not waived the stay issued by the Arizona court. Because Florida is a reciprocal state under the UILA, our courts should honor the Arizona stay as a matter of comity.
Coastal Metal Sales, Inc. (Coastal Metal), filed an amended complaint in Sarasota County Circuit Court on March 15, 1995, adding ABC to a pending lawsuit. In the action, Coastal Metal seeks payment for work it allegedly performed as a subcontractor for Michael Tagarelli, d/b/a Michaels Building Corporation of Tarpon Springs, Inc., on a government contract with the Department of Transportation. ABC is the surety on a contract bond issued in compliance with the little Miller Act. § 255.05, Fla. Stat. (1993). Although the bankruptcy pleadings are not included in this record, the parties admit that Michael Tagarelli has filed a bankruptcy petition. Thus, Coastal Metal's claims against Michael Tagarelli, the general contractor, have been stayed by his bankruptcy petition.
ABC moved to stay this action because its principal place of business is Arizona, and the state of Arizona had filed a delinquency proceeding against it in August 1994. On February 2, 1995, an Arizona court appointed the Arizona Director of Insurance as receiver for the rehabilitation of ABC. The order appointing the receiver also enjoined creditors from commencing actions against ABC for a period of 120 days.
Coastal Metal filed its Florida action against ABC during the 120-day stay. ABC *1252 filed its motion for stay during that period. Thereafter, the Arizona court extended the stay indefinitely, authorizing the receiver to waive the stay on a case-by-case basis. We conclude that the receiver has not waived the stay in this action.
Both Florida and Arizona have enacted versions of the UILA. See § 631.001.399, Fla.Stat. (1993); Ariz.Rev.Stat. Ann. §§ 20-611 to -648 (1990). Arizona is the "domiciliary state" for ABC under the UILA.[1]See § 631.011(6), Fla. Stat. (1993); Ariz.Rev.Stat. Ann. § 20-611(3) (1990). Both Arizona and Florida recognize other states as "reciprocal states" if they have adopted statutes containing the substance and effect of the UILA. § 631.011(16), Fla.Stat. (1993); Ariz.Rev.Stat. Ann. § 20-611(10) (1990). A review of the two acts convinces this court that each state's act is sufficiently similar to qualify each state as a reciprocal state under the law of the other. See, e.g., Herstam v. Silvercreek Water & Sanitation Dist., 895 P.2d 1131 (Colo.Ct.App.1995) (Colorado is reciprocal to Arizona); Allied Fidelity Ins. Co. v. Ruth, 57 Wash.App. 783, 790 P.2d 206 (1990) (Washington and Indiana are reciprocal). Thus, Florida is a reciprocal state in the proceeding filed in Arizona as the domiciliary state.
Some aspects of this reciprocity are clear. Unless Florida establishes an ancillary receivership, claims against ABC must be filed with the domiciliary receiver. § 631.181(3), Fla.Stat. (1993); cf. Ariz.Rev.Stat. Ann. § 20-627 (1990). No action can be maintained in Florida to obtain an attachment, garnishment, or execution during the pendency of a delinquency proceeding in a reciprocal state. § 631.201, Fla. Stat. (1993); cf. Ariz.Rev.Stat. Ann. § 20-630 (1990). Thus, as a practical matter, if Coastal Metal proceeded to judgment in this Florida case against ABC, it could only collect on the judgment in the Arizona court, whose order it is currently disregarding.
The extent to which one state should honor a stay order from another in this context has received several different analyses. One court has suggested that a stay need only be recognized when the court with jurisdiction over the receivership could obtain personal jurisdiction over the plaintiff who is suing the insurance company. United States v. Irvine & Assocs., Inc., 645 F.Supp. 845 (E.D.Va. 1986). The court in Irvine & Associates was not applying the law of two reciprocal UILA states and its jurisdictional approach has been expressly rejected by the only federal circuit court to consider it. See United States v. Lanier-Gervais Corp., 896 F.2d 162, 169 (5th Cir.1990) (New Jersey stay order in insolvency proceeding of surety that issued a Miller Act bond is effective in Louisiana).
Other courts have held that an order of liquidation or even an order for rehabilitation is a final order and, thus, entitled to full faith and credit under Article IV, Section 1, of the United States Constitution. See, e.g., Bard v. Charles R. Myers Ins. Agency, Inc., 839 S.W.2d 791 (Tex.1992) (giving full faith and credit to a final liquidation order containing stay); Herstam, 895 P.2d at 1136 (giving full faith and credit to an Arizona rehabilitation order containing stay); see 44 C.J.S. Insurance § 162 (1993).
We decline to consider whether the stay order is a final order entitled to full faith and credit because this case can be resolved on a nonconstitutional basis.[2] Even if the Arizona *1253 order is a nonfinal order, it is a stay order entered by another UILA state. Cf. Allied Fidelity, 57 Wash.App. 783, 790 P.2d 206 (honoring Indiana stay in Washington); Integrity Ins. Co. v. Martin, 105 Nev. 16, 769 P.2d 69 (1989) (honoring New Jersey stay in Nevada). In the absence of a federal bankruptcy statute covering insurance companies, there are many reasons why states have chosen to cooperate with one another concerning insurance insolvency. See, e.g., § 631.001(4), Fla. Stat. (1995). If a stay had been entered in an applicable federal bankruptcy proceeding in Arizona, there is no question that it would control the actions in a Florida state court.[3] Just as the state of Florida would expect Arizona to honor a stay pursuant to section 631.041, Florida Statutes (1995), if Florida were the domiciliary state, Florida should do the same as a matter of comity when it is a reciprocal state under Arizona law.
ABC has adequately established its right to a stay in this Florida proceeding. The trial court departed from the essential requirements of the law when it failed to recognize Florida's status as the reciprocal state in ABC's receivership. This error cannot be adequately addressed by postjudgment appeal because the right provided by the Arizona order is intended to prevent such foreign litigation for the receiver. See Pearlstein v. Malunney, 500 So.2d 585 (Fla. 2d DCA 1986), review denied, 511 So.2d 299 (Fla.1987). Coastal Metal has provided this court with no reason to deny comity to the Arizona court's stay.
The petition for writ of certiorari is granted.
DANAHY, A.C.J., and FRANK, J., concur.
NOTES
[1] Coastal Metal's complaint alleges that ABC is a Nebraska Corporation with its principal place of business in Arizona. No one argues in this case that a state other than Arizona should be the domiciliary state.
[2] Compelling obedience to the Arizona order as a constitutional obligation in this case would require this court to address several difficult issues. First, it is not clear that an order establishing a rehabilitation proceeding is a final order. See Tom v. State ex rel. Tom, 153 So.2d 334 (Fla. 2d DCA 1963). Both states have statutes permitting appeals from these orders, implying that such an order might not otherwise be a final appealable order. See § 631.021(4), Fla. Stat. (1995); Ariz. Rev.Stat. Ann. § 20-612 (1990). Second, Arizona may have had jurisdiction over the assets of the insurance company, but it did not have jurisdiction over Coastal Metal when it entered its order. See Bagley v. General Fire Extinguisher Co., 212 U.S. 477, 29 S.Ct. 341, 53 L.Ed. 605 (1909). If this Florida action proceeded to judgment, it is probable that Arizona would be obligated to give it full faith and credit, although it might choose to give it such low priority in the insolvency proceeding as to render it worthless. See Morris v. Jones, 329 U.S. 545, 67 S.Ct. 451, 91 L.Ed. 488 (1947).
[3] In this case, for example, the filing of the bankruptcy petition by Michael Tagarelli automatically stayed the state court action against the general contractor without regard to the district in which the petition was filed.