JOSEPH PANICARO, JR., AND LIBERTY PLUMBING AND HEATING, INC., APPELLANTS, v. G. DAVID ROBERTSON AND GILBERT COLEMAN, PH.D., RESPONDENTS.

No. 27358

June 17, 1997                          941 P.2d 485

*Joseph R. Plater,* Reno, for Appellants.

*Robertson & Benevento,* Reno, for Respondents.

_____

## OPINION

*Per Curiam:*

A jury trial was held in which appellant Joseph Panicaro, Jr. ("Panicaro") was found liable for the attorney's fees of respondents G. David Robertson and Gilbert Coleman ("Coleman") (collectively "Respondents"). Panicaro appealed the judgment to this court. While that appeal was pending, Respondents filed in the district court a motion for attorney's fees and costs associated with the trial. The district court granted Respondents' motion. Panicaro now appeals that decision to this court.

Panicaro claims that the lower court's award of attorney's fees must be reversed because the order is devoid of any statutory basis. *See* Integrity Ins. Co. v. Martin, 105 Nev. 16, 769 P.2d 69 (1989). Although Panicaro correctly notes that the district court failed to cite any relevant statutory authority for awarding attorney's fees, the basis of the district court's award is readily apparent from the dollar amount contained in the judgment.

NRCP 68 and NRS 17.115 provide recovery of attorney's fees from the time the offer of judgment is made to the opposing party. Conversely, NRS 18.010 contains no such restriction. In this case, Respondents' award of attorney's fees included fees incurred before an offer of judgment was made. Therefore, we conclude that the lower court awarded attorney's fees pursuant to NRS 18.010. *See* Pease v. Taylor, 86 Nev. 195, 197, 467 P.2d 109, 110 (1970) (stating that "this court has repeatedly held that even in the absence of express findings, if the record is clear and will support the judgment, findings may be implied").

Panicaro next asserts that Respondents' attorney's fees are limited to $3,000.00 because he requested a trial *de novo* after Coleman received an arbitration award of $2,550.00. Since Panicaro failed to reduce the arbitration award at trial, he claims that Respondents are entitled to only the statutory maximum of

$3,000.00 under Nevada Arbitration Rule 20 ("Rule 20").[1] We conclude that NRS 18.010 does not countenance such a result.

First, the $3,000.00 cap applies only to mandatory fees required under Rule 20. Rule 20 does not restrict the district court's jurisdiction to award discretionary fees under NRS 18.010(2). Secondly, the plain language of NRS 18.010(2) expressly states: "*In addition to the cases where an allowance is authorized by specific statute,* the court may make an allowance of attorney's fees to a prevailing party." (Emphasis added.) Therefore, we conclude that lower courts are empowered to exceed statutory caps on attorney's fees pursuant to a discretionary award under NRS 18.010. That is precisely what occurred in this case.

Accordingly, we affirm the judgment of the district court.[2]

---

[1]Rule 20, the provision governing a request for trial *de novo* after an arbitration award, provides in part:

> [I]f the amount of the award in the trial de novo does not either exceed the arbitration award made to the party requesting the trial de novo, or reduce the liability imposed on that party by the arbitration award, the party requesting the trial de novo must pay to the adverse party all recoverable costs and actual attorney's fees associated with the prosecution or defense of the trial de novo. *Awards of attorney's fees may not exceed the total amount of $3,000 unless the court finds extraordinary circumstances justifying a higher award.*

(Emphasis added.)

[2]After thoroughly reviewing Panicaro's remaining arguments, we conclude that all lack merit.