Jack MENDEL and G. William OGDEN, Trustees for
Richard J. OGDEN, and Richard J. OGDEN, Individually
*v.* Linda N. GARNER, Insurance Commissioner for the
State of Arkansas and Rehabilitator

84-162                                          678 S.W.2d 759

Supreme Court of Arkansas
Opinion delivered October 29, 1984

*Jacob & Sherman,* by: *William F. Sherman,* for appellants, Mendel and Ogden.

*Wright, Lindsey & Jennings,* for appellants, Baldwin-United Corp. and B.H. Baldwin Co.

*Wood Law Firm,* by: *Doug Wood;* and *Freytag, Laforce, Rubenstein & Teofan,* by: *Karl Rubenstein,* for appellee.

WEBB HUBBELL, Chief Justice. This case is consolidated on appeal with the companion case of *Baldwin-United Corp. and D. H. Baldwin Co. v. Linda Garner, Insurance Commissioner of the State of Arkansas, Rehabilitator.*

Appellants Jack Mendel and G. William Ogden, trustee, are annuity policyholders of National Investors Life Insurance Company, one of the three subsidiary insurance companies owned by Baldwin-United Corp. and D. H. Baldwin Co. which were placed into rehabilitation on July 13, 1983. Prior to June 13, appellants had surrendered their policies for the cash surrender value as provided by the insurance contract, but their requests had not been paid by July 13, 1983. On March 23, 1984, the trial court ordered the adoption of the Plan of Rehabilitation submitted by appellee Linda Garner, Insurance Commissioner. Under the Plan, appellants are not permitted to receive an immediate 100% refund of their money but are allowed to select from various Plan options and receive their funds in accordance with the provisions of the Plan of Rehabilitation. Appellants contend that they should receive an immediate 100% refund because they attempted to surrender before June 13, more than 30 days before rehabilitation.

Appellants attack the fairness of the Plan by arguing that the cut-off date of July 13, 1983 for payment of claims is

arbitrary and unfair. Appellants further argue that National Investors Life Insurance Company was under a contract to pay them the full surrender value of their policies and that the implementation of the Plan constitutes a taking of appellant's property without due process of law. The trial court permitted appellants to intervene in the rehabilitation proceedings and, at a hearing during the week of January 9, 1983, considered evidence in the form of affidavits, exhibits including a log of annuity policyholders, and the testimony of two employees of National Investors Life Insurance Company.

The court found that the Plan "is fair, just and equitable to all interested persons, creditors, and claimants and entities affected by the plan, including the intervenors, and treats fairly and equitably each class of policyholders and certificate holders of the companies." Those policyholders including appellants with claims not processed to the point of checks having been mailed by July 13, 1983 were granted the options available to all policyholders. We affirm the rehabilitation court.

The insurance companies were placed into rehabilitation because of serious financial problems. Appellee determined that surrenders must be cut-off at some point and a plan implemented to treat all policyholders as equally and as fairly as possible. Appellee approached the issue by honoring surrender payments for which checks had actually been mailed as of the close of business on July 13, 1983 and by treating all other policyholders in accordance with the plan.

Appellants admit that the court should establish a date before which all surrendered policies be paid, but they ask that the date be established so that their surrenders will be honored. This issue is one that must rest in the sound discretion of the trial court and should not be disturbed absent a showing of abuse of discretion. *Couch on Insurance*, 2d § 22:19 (Rev. ed. 1984). We will not overturn a discretionary act of a trial court simply because one or more members of the court might have attempted to address the problem by a different method. See *Midwest Lime* v.

*Independence County Chancery Court,* 261 Ark. 695, 551 S.W.2d 537, 543 (1977).

Appellants suggest that surrender requests received by June 13, 1983, should be fully honored regardless of whether a check had been mailed on July 13, 1983. The Plan, which provides that surrender requests having been processed up to the point of checks having actually been mailed be honored, is easily administered and requires no additional time or expense. Appellants' requested modification would require the rehabilitator to determine when a request was "received." This modification could also lead to further modification requests by other policyholders to include all surrender requests mailed prior to June 13, 1983. Other policyholders might then request other modifications equally as meritorious. No one disputes that it would be inappropriate to honor surrender requests until all of the insurance company's assets were exhausted, and, upon a review of the record, we cannot say that the trial court abused its discretion in establishing the cut-off date it did.

The trial court also denied appellants' contention that they should be paid because National Investors Insurance Company was under a contractual obligation to do so and found no merit to appellants' claim that the Plan constituted a taking of property without due process of law. The rehabilitation of insurance companies pursuant to state insolvency statutes does not impair the obligation of contracts. *Neblett* v. *Carpenter,* 305 U.S. 297 (1983); *Lewelling* v. *Manufacturing Wood-Workers' Underwriters,* 140 Ark. 124, 215 S.W. 258 (1919). A hearing with the submission of evidence and testimony satisfies the constitutional requirement of due process of law.

Appellants' final argument is that the trial court erred in denying a motion for class certification. The Commissioner of Insurance acting as rehabilitator is the statutory representative of the policyholders, creditors and shareholders. Ark. Stat. Ann. § 66-4814 (Repl. 1980). Individual policyholders were given ample opportunity to appear and make statements concerning the various plans considered before the adoption of the Plan. Moreover, in rehabilitation

proceedings, the rights of all policyholders are already before the court. The certification of a class action depends upon the trial court's finding that a class action is superior to other means for the fair and efficient adjudication of the controversy. ARCP Rule 23. The findings of the trial court are not clearly erroneous. ARCP Rule 52.

Affirmed.

HOLLINGSWORTH, J., dissents.