DONALD LAWRENCE, on Behalf of Himself and All Others Similarly Situated, Plaintiff-Appellant, v. ILLINOIS LIFE AND HEALTH INSURANCE GUARANTY ASSOCIATION *et al.*, Defendants-Appellees.

First District (1st Division)    No. 1—95—2017

Opinion filed November 17, 1997.

490

Hostein, Mack & Klein, of Chicago (Aron D. Robinson and Terrie L. Culver, of counsel), for appellant.

Hopkins & Sutter, of Chicago (William Carlisle Herbert, Mary Kay McCalla Martire, and William T. Casey, of counsel), for appellees.

JUSTICE O'BRIEN delivered the opinion of the court:

Defendant, the Illinois Life and Health Insurance Guaranty Association (ILHGA), filed a section 2—619 motion to dismiss plaintiff's third amended complaint. 735 ILCS 5/2—619 (West 1996). The trial court granted defendant's motion and plaintiff appealed. We affirm.

Plaintiff, Donald Lawrence, was an insured of Executive Life Insurance Company (ELIC), a California-based company authorized to transact business in Illinois. As a condition of its authority to transact insurance in Illinois, ELIC maintained membership in the ILHGA. ILHGA, which is administered by a board of directors (215 ILCS 5/531.06 (West 1996)), provides coverage to Illinois policyholders of financially impaired life and health insurance companies (215 ILCS 5/531.02 (West 1996)).

ELIC became insolvent and in 1991 the superior court of California, County of Los Angeles (the California court), appointed the Insurance Commissioner of the State of California (the Insurance Commissioner) conservator. The National Organization of Life and Health Insurance Guaranty Associations (NOLHGA) represented all participating guaranty associations. The California court did not certify a class or appoint an insured to represent the interests of the policyholders.

The conservator and NOLHGA reached a settlement and filed a rehabilitation plan with the California court. The plan called for the creation of a new insuring entity (Aurora) out of the assets of ELIC. In addition, the plan incorporated an enhancement agreement entered into between ILHGA, through NOLHGA, and the California Insurance Commissioner. According to the enhancement agreement, any ELIC insured who failed to affirmatively opt out of the agreement would be considered a plan participant. Plan participants released all claims against ELIC, the California Insurance Commissioner, and any state guaranty association taking part in the settlement in favor of the right to recover from the newly formed insurance company.

The California court set a date for hearings on the proposed ELIC rehabilitation plan and ordered the Insurance Commissioner to publish notices of the hearing in two newspapers of national circulation. The notice stated that any person wishing to appear at the ELIC hearing and to be heard or to present testimony or other evidence was entitled to appear or to submit written comments, suggestions, objections or testimony by mail. On February 13, 1992, Paul R. Rigney, originally the lead plaintiff in the instant case, filed a petition in the California court for leave to intervene in the ELIC rehabilitation proceeding, seeking to file a class action challenging the enhancement agreement on behalf of all ELIC policyholders. Rigney was represented in the ELIC rehabilitation proceedings by the same counsel that represents Lawrence in the instant case.

Following the ELIC hearing, the California court rejected Rigney's petition to certify a class and approved the enhancement agreement. Further, the California court ordered that election information be distributed to ELIC policyholders. The election information did not specifically inform policyholders residing in Illinois that, as plan participants, their rights under the Illinois guaranty fund would be extinguished, but stated, "You may wish to seek independent advice whether an election to opt out will affect your rights, if any, against parties or persons other than ELIC." The named plaintiff, Donald Lawrence, an Illinois resident, failed to return the

election form and thus was deemed to be a participant of the ELIC rehabilitation plan.

Plaintiff filed a five-count class action complaint on behalf of all ELIC insureds residing in Illinois or otherwise covered by the Illinois Life Insurance and Health Insurance Guaranty Association Law (215 ILCS 5/331.01 *et seq.* (West 1996) (hereinafter the Insurance Guaranty Law). Count I of plaintiff's third amended complaint seeks a declaratory judgment that the enhancement agreement impermissibly denies policyholders due process because it waives their rights against the ILHGA without their knowledge or consent. Count II seeks a declaratory judgment that the enhancement agreement violates policyholders' rights under the Insurance Guaranty Law because it obviates the fund's liability to the plaintiff class in the event the newly formed insurance company should likewise become financially unstable. Count III seeks an award of damages to compensate the named plaintiff and the plaintiff class for past and future claims under their various insurance policies. Count IV seeks an accounting of amounts due to him pursuant to his ELIC insurance policy and the Illinois guaranty fund. Count V seeks to enjoin the IL-HGA from pursuing or advancing on the enhancement agreement until a full hearing on the pending case. On June 7, 1995, the circuit court of Cook County dismissed plaintiff's third amended complaint pursuant to section 2—619 of the Illinois Code of Civil Procedure (735 ILCS 5/2—619 (West 1994)), ruling that the California court had jurisdiction over Lawrence and that its orders were entitled to full faith and credit. Plaintiff appealed.

On appeal, we consider (1) whether, as a resident of this state, Lawrence was subject to the limited personal jurisdiction of the California court to affect his rights against the ILHGA, (2) whether the enhancement agreement violated plaintiff's statutory and constitutional rights, and (3) whether the circuit court was required to give full faith and credit to the California court's judgment.

## Personal Jurisdiction

■ Plaintiff was subject to the jurisdiction of the California court under California's long-arm statute. Cal. Code Civ. Proc. § 410.10 (Deering 1992). California's long-arm statute grants the broadest basis for jurisdiction consistent with due process. It provides that a California court "may exercise jurisdiction on any basis not inconsistent with the Constitution of [California] or of the United States." Cal. Code Civ. Proc. § 410.10 (Deering 1992). Accordingly, where it is found that personal jurisdiction does not offend due process, it consequently cannot violate California's long-arm statute. See *Burger*

*King Corp. v. Rudzewicz*, 471 U.S. 462, 471, 85 L. Ed. 2d 528, 540, 105 S. Ct. 2174, 2181 (1985). The relevant considerations in determining whether sufficient minimum contacts exist to justify the exercise of limited personal jurisdiction over a nonresident are: (1) the individual must have purposefully availed himself or herself of the privilege of conducting activities in California, (2) the cause of action must arise from those activities, and (3) the exercise of jurisdiction must be reasonable. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 319, 90 L. Ed. 95, 101-02, 104, 66 S. Ct. 154, 158, 159-60 (1945).

Here, Lawrence entered into a contract of insurance with ELIC, an insurance company domiciled in California and subject to California law regarding insurer insolvency, rehabilitation, and liquidation. See Cal. Ins. Code § 1010 *et seq.* (Deering 1992). Because plaintiff deliberately reached beyond Illinois' borders and purchased insurance from a California-based insurance company (*McGee v. International Life Insurance Co.*, 355 U.S. 220, 223, 2 L. Ed. 2d 223, 226, 78 S. Ct. 199, 201 (1957)), he purposefully availed himself of the protection of California law regarding insolvent insurers (*Rudzewicz*, 471 U.S. at 476, 85 L. Ed. 2d at 543, 105 S. Ct. at 2184; *Commissioner of Insurance v. Arcilio*, 221 Mich. App. 54, 76, 561 N.W.2d 412, 422 (1997)). Further, because plaintiff's rights against the ILHGA arose from his ELIC insurance contract, those rights were subject to California's statutory and judicial regulation of the ELIC insolvency proceedings. See generally *Travelers Health Ass'n v. Virginia*, 339 U.S. 643, 647, 94 L. Ed. 1154, 1160, 70 S. Ct. 927, 929 (1950). Accordingly, the California court's right to exercise jurisdiction over plaintiff was entirely reasonable. See generally *Shaffer v. Heitner*, 433 U.S. 186, 216, 53 L. Ed. 2d 683, 705, 97 S. Ct. 2569, 2586 (1977). See also *Arcilio*, 221 Mich. App. at 74, 561 N.W.2d at 421-22. And while it is true that the plaintiff was not personally named as a party to the insolvency proceedings or represented by a certified class representative, his interests were nevertheless represented by a "virtual class" of policyholders, particularly Paul Rigney, who appeared in the ELIC insolvency proceedings pursuant to notice and raised the same issues plaintiff seeks to raise here. *Larson v. Pacific Mutual Life Insurance Co.*, 373 Ill. 614, 27 N.E.2d 458 (1940); *Padway v. Pacific Mutual Life Insurance Co.*, 42 F. Supp. 569 (E.D. Wis. 1942). Moreover, plaintiff's rights were protected by the Insurance Commissioner, who was bound by California statute to serve as trustee for the benefit of all creditors in the insolvency proceedings, including ELIC's policyholders. Cal. Ins. Code. § 1057 (West 1992); *In re Executive Life Insurance Co.*, 32 Cal. App. 4th 344, 365-66, 38 Cal. Rptr. 2d 453, 465 (1995) (Insurance Commissioner's first duty to not deprive policyholders of the

protection of their policies). The Insurance Commissioner fulfilled this obligation by creating a new insurance company out of the ashes of the old and providing the holders of otherwise valueless ELIC insurance policies with the opportunity to either accept reinsurance or pursue their claims against their respective state guaranty associations.

## Statutory and Constitutional Rights

■ The enhancement agreement is valid and enforceable against Lawrence because it does not abridge his statutory rights, impair any contractual obligation, or violate his right to due process or equal protection of the laws. U.S. Const., art. I, § 10; amend. XIV, § 1.

The Insurance Guaranty Law provides that the ILHGA may "[e]nter into such contracts as are necessary or proper" (215 ILCS 5/531.08(13)(a) (West 1996)) to protect covered insureds against "failure" in the performance of obligations under covered insurance contracts (215 ILCS 5/531.02 (West 1996)). To satisfy this obligation, the Insurance Guaranty Law permits the ILHGA to "reinsure" the covered policies of covered policyholders of the insolvent insurer. 215 ILCS 5/531.08(2)(a) (West 1996). Accordingly, the settlement agreement entered into by the ILHGA through NOLHGA does not abridge plaintiff's statutory rights but is a "contract" authorized by section 531.08(13)(a) (*New Mexico Life Insurance Guaranty Ass'n v. Quinn & Co.*, 111 N.M. 750, 758, 809 P.2d 1278, 1286 (1991)), to "reinsure" the covered ELIC policyholders as permitted by section 531.08(2)(a), which reinsurance satisfies the ILHGA's statutory obligations under section 531.02.

Lawrence's claim that the enhancement agreement impaired the ILHGA's contractual obligations is likewise without merit. Plaintiff's rights against ELIC under its insurance contract terminated when ELIC was declared insolvent except to the extent that plaintiff became a creditor to the insolvency estate. *In re Executive Life Insurance Co.*, 32 Cal. App. 4th at 384, 38 Cal. Rptr. 2d at 477. Moreover, plaintiff's right to payment from the ILHGA is statutory rather than contractual. Accordingly, even assuming the enhancement agreement did, in some manner or circumstances, alter the obligations owed to plaintiff under the original ELIC policy or under the Insurance Guaranty Law, it did not violate the contract clause (U.S. Const., art. I, § 10). See *Honeywell, Inc. v. Minnesota Life & Health Guaranty Ass'n*, 110 F.3d 547, 551-53 (8th Cir. 1997); *Mendel v. Garner*, 283 Ark. 473, 476-77, 678 S.W.2d 759, 761 (1984).

Finally, we disagree with plaintiff's arguments that the enhancement agreement violated his rights to due process and equal protection of the laws (U.S. Const., amend. XIV). Because the ELIC

insolvency proceedings were analogous to bankruptcy proceedings, the jurisdiction of the California court was no less comprehensive than that of a bankruptcy court in similar circumstances. *Garamendi v. Executive Life Insurance Co.*, 17 Cal. App. 4th 504, 515, 21 Cal. Rptr. 2d 578, 585 (1993). A bankruptcy court's judgment approving a rehabilitation plan may release a creditor's claims against a bankrupt debtor providing the creditor is afforded an opportunity to participate in the bankruptcy proceedings, even if the creditor fails to do so. *Stoll v. Gottlieb*, 305 U.S. 165, 83 L. Ed. 104, 59 S. Ct. 134 (1938); *Levy v. Cohen*, 19 Cal. 3d 165, 172-74, 561 P.2d 252, 256-58, 137 Cal. Rptr. 162, 166-68 (1977), *cert. denied*, 434 U.S. 833, 54 L. Ed. 2d 94, 98 S. Ct. 119 (1977).

Despite his protestations to the contrary, the record reveals that, at a minimum, Lawrence received notice by publication of the ELIC hearings. The notice advised Lawrence that if he had an interest in the ELIC estate he should appear and show cause why the motion to approve the proposed rehabilitation plan should not be approved. In addition, after the hearings had been concluded and the plan approved, Lawrence received a second notice explaining that he could either participate in the plan or opt out. Because the California court did more than provide Lawrence with notice and an opportunity to participate, but also provided him the opt-out alternative afforded to a member of a class action, the California court did not violate his right to due process. Furthermore, because Lawrence was provided the opportunity to opt out and he neglected to do so, his claim the enhancement agreement violates his right to equal protection under the Insurance Guaranty Law is not well taken.

## Full Faith and Credit

■ Lastly, Illinois has adopted the Uniform Insurers Liquidation Act (the Act) (215 ILCS 5/221.1 *et seq.* (West 1996)). Section 221.4 of the Act provides that when a liquidation proceeding is commenced in a "reciprocal state" involving an insurer domiciled in the reciprocal state, claims against the insurer by Illinois claimants must be decided in the domiciliary state as provided by the law of that state. 215 ILCS 5/221.4 (West 1996). Accordingly, plaintiff's argument that the California court's approval of the enhancement agreement is not entitled to full faith and credit is without merit. *Clark v. Standard Life & Accident Insurance Co.*, 68 Ill. App. 3d 97, 386 N.E.2d 890 (1979). Indeed, because the California court had jurisdiction to approve the enhancement agreement and bind plaintiff thereto, Lawrence cannot even properly make a collateral attack on the Califor-

496

nia court's judgment. *Pacific Mutual Life Insurance Co. v. McConnell*, 44 Cal. 2d 715, 285 P.2d 636 (1955).

Affirmed.

CAMPBELL, P.J., and GALLAGHER, J., concur.