92 P.3d 273 (2004)
OLIVINE CORPORATION, a Washington corporation, Respondent,
v.
UNITED CAPITOL INSURANCE COMPANY, a Wisconsin corporation, Appellant.
No. 52236-1-I.
Court of Appeals of Washington, Division 1.
May 24, 2004.
Publication Ordered June 11, 2004.
*275 Jeffrey C. Grant, Helsell Fetterman, Seattle, WA, for Appellant.
Craig Powell Hayes, Ludwigson Thompson Hayes & Bell, Steven Randolph Hager, Atwood Hager & Anderson, Bellingham, WA, for Respondent.
*274 AGID, J.
Olivine Corporation sued United Capitol Insurance Company for insurance coverage. While the case was pending on appeal, an Illinois court entered a liquidation order against United Capitol. This order enjoined all parties from continuing to assert any claims against United Capitol outside the Illinois liquidation proceedings. The trial court nevertheless refused to dismiss or stay this case, and United Capitol appealed. Because Illinois is a reciprocal state under Washington's insurer liquidation statute, the trial court should have dismissed the action once it learned of the Illinois order. We reverse and dismiss the case.

FACTS
Clearwater Resource Recovery operated an incinerator in Whatcom County and leased its premises from Olivine Corporation. In 1997, Clearwater bought pollution liability insurance from United Capitol Insurance Company. Clearwater financed the policy through TEPCO Premium Finance and listed Olivine as an additional named insured. At some point, Clearwater stopped making premium payments, and United Capitol terminated the policy at TEPCO's request. TEPCO notified only Clearwater of the termination. Olivine received no notification from TEPCO or United Capitol. In 1998, the Whatcom County Health Department demanded that Olivine clean up hazardous waste and toxic substances left by Clearwater. United Capitol refused to cover the clean-up costs because the policy had been cancelled, and Olivine sued.
Both Olivine and United Capitol moved for summary judgment. In December 1998, the trial court granted summary judgment in Olivine's favor on the coverage issue, and in January 2000, the court granted summary judgment in Olivine's favor on the damages *276 issue. In March 2001, this court affirmed, holding that the United Capitol insurance policy covered Olivine.[1] In November 2001, an Illinois circuit court issued an Order of Liquidation with a Finding of Insolvency against United Capitol. This order prohibited parties from prosecuting claims against United Capitol outside the liquidation proceedings:
[all parties] having knowledge of this Order of Liquidation, are hereby restrained and enjoined from bringing, asserting or further prosecuting any claim, action or proceeding, at law or in equity or otherwise, whether in this State or elsewhere, against the Defendant, United Capitol, ... except insofar as those claims, actions or proceedings arise in or are brought in these liquidation proceedings....
One month after this order was issued, the Washington Supreme Court agreed to review our March 2001 decision. It appears that neither Olivine nor United Capitol notified the Supreme Court of the Illinois court's order. In August 2002, the Supreme Court affirmed in part and reversed in part, holding that United Capitol's failure to notify Olivine of the policy termination "left the policy in effect with respect to Olivine's interests" but that the trial court must still determine whether any issues of material fact on the coverage issue remained.[2] On remand, in September 2002, United Capitol moved to dismiss the action or, in the alternative, stay the proceedings in light of the Illinois court's order. The trial court stayed the action for 90 days. In March 2003, United Capitol renewed its motion to dismiss or stay the proceedings. One month later, the trial court denied the motion and ordered discovery. We granted discretionary review.

DISCUSSION
The Uniform Insurer Liquidation Act (UILA) governs the liquidation, rehabilitation, and reorganization of insurance companies having assets and liabilities in more than one state.[3] It aims to "provide consolidated, orderly and equitable liquidations of multistate insurers and to secure equal treatment of all creditors wherever situated."[4] Washington has adopted UILA.[5] And, if another state has adopted UILA and is a reciprocal state under Washington's statute, Washington courts must recognize its right to stay all proceedings against a defunct insurer.[6] United Capitol thus argues that the trial court should have dismissed or indefinitely stayed this case in light of the Illinois court's liquidation order. This is a question of law that we review de novo.[7]
Whether the trial court should have dismissed or stayed the proceedings depends on whether Illinois is a reciprocal state for UILA purposes. Washington defines "reciprocal state" as "any state other than this state in which in substance and effect the provisions of this chapter are in force, including the provisions requiring that the insurance commissioner or equivalent insurance supervisory official be the receiver of a delinquent insurer."[8] Like Washington, Illinois has adopted UILA.[9] And Illinois is a reciprocal state, as its version of the statute is *277 substantially similar in substance and effect to Washington's.[10] Moreover, Olivine does not contest Illinois' status as a reciprocal state. Because Illinois is a reciprocal state, we must respect the Illinois court's decision to enjoin parties from prosecuting actions against United Capitol outside the liquidation proceedings.
But Olivine notes that United Capitol's position is contradictory because it benefited from the Supreme Court's decision, yet now claims that the Illinois order that was issued before the Supreme Court's decision bars further proceedings. Olivine suggests that this court can remedy that problem by vacating the Supreme Court's decision on the grounds that the court lacked subject matter jurisdiction. In other words, if the Illinois order divested Washington courts of jurisdiction, then the Supreme Court's August 2002 opinion, issued after the Illinois order, was void. By vacating the Supreme Court's opinion and reinstating our March 2001 opinion, we would allow Olivine to win its case against United Capitol.
But this argument is flawed. First, this court cannot vacate a Supreme Court opinion. And second, a judgment entered by a court that lacks jurisdiction must be vacated once that lack of jurisdiction is brought to the court's attention.[11] Even if we could vacate the Supreme Court's opinion, it would be inappropriate to do so because the Illinois order was never brought to that court's attention. The order was not introduced until the case returned to the trial court. At this point the trial court should have recognized that it lacked jurisdiction and dismissed the case. "A trial court has no discretion when dealing with a void judgment; the court must vacate it."[12] The issue here is not the validity of the Supreme Court's previous ruling but rather the effect of the Illinois court's order on this case in its present posture. Because we must respect the Illinois order, we reverse the trial court's order denying United Capitol's motion to dismiss or stay the proceedings.
Olivine also argues that United Capitol waived its right to a stay or dismissal by failing to promptly alert the appropriate Washington court to the Illinois court's order. Waiver applies in the insurance context if the insurer voluntarily and intentionally surrenders a known right or if its conduct may be interpreted as relinquishing this right.[13] An insurer only waives a right if it made a conscious decision to do so,[14] and the insurer "must know that certain conduct has the effect of relinquishing a right."[15] Here, United Capitol's behavior does not amount to a waiver, as it is unlikely that United Capitol consciously intended to waive its right to a stay or dismissal. United Capitol should have notified the court as soon as it became aware of the Illinois order. But its failure to do so does not confer jurisdiction on Washington courts under these circumstances when a statute deprives us of that jurisdiction.
*278 Finally, Olivine argues that United Capitol lost its right to comity and full faith and credit by disregarding a trial court order.[16] On November 2, 2001, the trial court ordered United Capitol to tender a cash deposit to the court or post a supersedeas bond by November 12, 2001. United Capitol failed to comply. The Illinois court issued its liquidation order two days after the cash deposit/bond was due. Olivine claims that because United Capitol and the State of Illinois failed to comply with the Washington order, Illinois failed to give full faith and credit and act with judicial comity. Therefore, we need not apply comity or full faith and credit principles here.
In response, United Capitol points out that the Illinois court issued an Order of Conservation in September 2001. This order enjoined United Capitol from paying any claims or contractual obligations without the court's approval. If this is, in fact, the reason why United Capitol failed to comply with the trial court's order, United Capitol should have called it to the attention of Olivine and the trial court. Nevertheless, United Capitol's failure to comply with the trial court's deposit/bond order is an insufficient reason to disregard Illinois' right to seek a stay of the proceedings. Notions of judicial comity and full faith and credit direct us to respect the Illinois court's order by dismissing the case.
We reverse and dismiss the case.
COLEMAN and SCHINDLER, JJ., concur.
NOTES
[1] Olivine Corp. v. United Capitol Ins. Co., 105 Wash.App. 194, 198-200, 19 P.3d 1089 (2001), reversed in part, 147 Wash.2d 148, 52 P.3d 494 (2002).
[2] Olivine Corp. v. United Capitol Ins. Co., 147 Wash.2d 148, 166, 52 P.3d 494 (2002).
[3] Validity, Construction, and Application of Uniform Insurers Liquidation Act, 44 A.L.R. 5th 683, 703, 1996 WL 661377.
[4] Amer. Star Ins. Co. v. Grice, 123 Wash.2d 131, 134, 865 P.2d 507 (1994) (citing G.C. Murphy Co. v. Reserve Ins. Co., 54 N.Y.2d 69, 79, 444 N.Y.S.2d 592, 429 N.E.2d 111 (1981); Prof'l Constr. Consultants, Inc. v. State ex rel. Grimes, 646 P.2d 1262, 1266 (Okla.1982)).
[5] See RCW 48.99.010 et seq.
[6] Id.; Allied Fid. Ins. Co. v. Ruth, 57 Wash.App. 783, 785-86, 790 P.2d 206 (1990).
[7] Babcock v. Mason County Fire Dist. No. 6, 144 Wash.2d 774, 784, 30 P.3d 1261 (2001) (citing Mountain Park Homeowners Ass'n v. Tydings, 125 Wash.2d 337, 341, 883 P.2d 1383 (1994)).
[8] RCW 48.99.010(7).
[9] Lawrence v. Ill. Life & Health Guar. Ass'n, 293 Ill.App.3d 489, 495, 227 Ill.Dec. 982, 688 N.E.2d 675 (1997). Illinois' version of UILA is codified in 215 ILCS 5/221.1 et seq.
[10] RCW 48.99.010 corresponds to 215 ILCS 5/221.1; RCW 48.99.020 corresponds to 215 ILCS 5/187 et seq; RCW 48.99.030 corresponds to 215 ILCS 5/221.2 and 221.8; RCW 48.99.040 corresponds to 215 ILCS 5/221.3; RCW 48.99.050 corresponds to 215 ILCS 5/221.4; RCW 48.99.060 corresponds to 215 ILCS 5/221.5, 221.6, 221.7; RCW 48.99.070 corresponds to 215 ILCS 5/221.9; and RCW 48.99.080(2) corresponds to 215 ILCS 5/221.13. RCW 48.99.080(1) is Washington's severability provision, and Illinois has no similar provision. But this is insufficient to render Illinois a non-reciprocal state. See Allied Fid., 57 Wash.App. at 786-90, 790 P.2d 206 (comparing the insurance liquidation statutes in Washington and Indiana and concluding that the two were of similar substance and effect because Indiana has an equivalent section for each provision of Washington's statute with the exception of Washington's severability provision).
[11] Allied Fid., 57 Wash.App. at 790, 790 P.2d 206.
[12] Id. (citing Brickum Inv. Co. v. Vernham Corp., 46 Wash.App. 517, 520, 731 P.2d 533 (1987)).
[13] Saunders v. Lloyd's of London, 113 Wash.2d 330, 339, 779 P.2d 249 (1989) (citing Pub. Util. Dist. No. 1 of Lewis County v. Wash. Pub. Power Supply Sys., 104 Wash.2d 353, 365, 705 P.2d 1195, 713 P.2d 1109 (1985)).
[14] Id. at 340, 779 P.2d 249 (citing Pub. Utility Dist. No. 1, 104 Wash.2d at 365, 705 P.2d 1195).
[15] Id. (citing McDaniels v. Carlson, 108 Wash.2d 299, 308, 738 P.2d 254 (1987)).
[16] Judicial comity allows one jurisdiction's court to give effect to laws of another jurisdiction out of deference and respect. Haberman v. Wash. Pub. Power Supply Sys., 109 Wash.2d 107, 160-61, 744 P.2d 1032, 750 P.2d 254 (1987) (citing Mianecki v. Second Judicial Dist. Court, 99 Nev. 93, 97, 658 P.2d 422, cert. dismissed, 488 U.S. 805, 109 S.Ct. 35 (1988)). Whether to invoke comity is within the court's discretion. Id. at 161 (citing Mianecki, 99 Nev. at 98, 658 P.2d 422).

Under the United States Constitution's Full Faith and Credit Clause, another state's judgment is valid in Washington unless the foreign state lacked jurisdiction or the judgment is constitutionally invalid. U.S. CONST. art. IV, § 1; State v. Gimarelli, 105 Wash.App. 370, 377, 20 P.3d 430, review denied, 144 Wash.2d 1014, 31 P.3d 1185 (2001) (citing State v. Berry, 141 Wash.2d 121, 127-28, 5 P.3d 658 (2000)).