174 P.3d 1246 (2008)
Jesse GLOVER, Appellant,
v.
STATE OF ALASKA, DEPARTMENT OF TRANSPORTATION, Alaska Marine Highway System, Respondents.
No. 59622-5.
Court of Appeals of Washington, Division 1.
January 7, 2008.
James P. Jacobsen, Beard Stacey Trueb Jacobsen LLP, Seattle, WA, for Appellant.
Christopher Weldon Nicoll, Nicoll Black Misenti and Feig PLLC, Seattle, WA, for Respondents.
DWYER, J.
¶ 1 Interstate comity directs that Washington courts decline to exercise jurisdiction over claims brought against the government of a sister state if doing so is necessary to allow the sister state the first opportunity to examine the constitutional validity of its own rules and regulations, or if the exercise of jurisdiction would not promote cooperative efforts between the states. In this case, the *1247 Whatcom County Superior Court declined to exercise jurisdiction over maritime personal injury claims brought by Jesse Glover against his employer, the State of Alaska,[1] because those claims arose entirely in Alaska, are currently on appeal before the Alaska Supreme Court, and turn on the validity of Alaska's statutory sovereign immunity under the Alaska and United States constitutions. Because the superior court properly relied upon principles of interstate comity in dismissing Glover's claims, we affirm.

FACTS
¶ 2 Glover is a resident of Alaska. He was injured while working aboard the Alaska state ferry M/V Tustumena. At the time of Glover's injury, the M/V Tustumena was in the approaches to Cordova harbor, within Alaska's territorial waters.
¶ 3 Alaska Statute (AS) 09.50.250(5) provides that an injured seaman's sole remedy against Alaska as an employer is workers' compensation. AS 09.50.250(5) also specifically re-establishes Alaska's sovereign immunity to maritime personal injury claims brought pursuant to the Jones Act, former 46 App. U.S.C. § 688 (2005), recodified as 46 U.S.C. § 30104 (2006).[2]
¶ 4 Glover brought suit against Alaska pursuant to the Jones Act in the superior court in Juneau, Alaska, seeking to recover monetary damages for Glover's injuries as well as a declaratory judgment that AS 09.50.250(5) violates the Alaska and United States constitutions. The Alaska superior court entered an order granting Alaska's motion for summary judgment with respect to both Glover's personal injury and declaratory judgment claims. The court then entered final judgment on both claims.
¶ 5 Ten days before the entry of the order of summary judgment against him in Alaska, Glover filed this action in Whatcom County Superior Court. This action is identical in every material respect to the Jones Act personal injury cause of action litigated in Alaska.
¶ 6 Alaska moved to dismiss this action for lack of subject matter jurisdiction pursuant to CR 12(b)(1) on the theory that Alaska's sovereign immunity in its own courts as to Jones Act claims pursuant to AS 09.50.250(5) also removed the Whatcom County Superior Court's power to hear such claims brought against Alaska. Alaska's motion also separately contended that the superior court should decline to exercise jurisdiction on the basis of interstate comity.
¶ 7 Following oral argument, the trial court ruled that the State of Washington did not have subject matter jurisdiction over Glover's claims. The court also ruled that the comity owed to Alaska as a sovereign sister state provided an independent basis for dismissal of Glover's claims. Specifically, the court stated:
Were I to not reach [the CR 12(b)(1)] ruling, I would dismiss on the basis of comity. And it's set forth again in the State of Alaska's motion to dismiss. The Alaska court system has granted exercise of jurisdiction over identical claims or virtually identical claims. There might be some differences. Resolution of the dispute involves interpretation and application of Alaska statute [sic], implicates waiver of sovereign immunity, and Alaska interests to litigation [sic] outweigh any legitimate interest Washington may have to the contrary, and the dispute arises from *1248 circumstances that occurred wholly in Alaska.
Glover appeals.

DISCUSSION

Standard of Review
¶ 8 Invoking interstate comity is within the superior court's discretion. Review is for abuse of that discretion only. Haberman v. Wash. Pub. Power Supply Sys., 109 Wash.2d 107, 161, 744 P.2d 1032, 750 P.2d 254 (1987); Olivine Corp. v. United Capitol Ins. Co., 122 Wash.App. 374, 381 n. 16, 92 P.3d 273 (2004). "A trial court abuses its discretion when its order is manifestly unreasonable or based on untenable grounds." Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp., 122 Wash.2d 299, 339, 858 P.2d 1054 (1993).

Interstate Comity
¶ 9 Alaska urges us to affirm the ruling that principles of interstate comity required the superior court to decline to exercise jurisdiction over Glover's claims. Alaska contends that the trial court properly exercised its discretion to decline jurisdiction over this case because the courts of Alaska are currently adjudicating identical claims, the case turns entirely on the application of Alaska's laws, Alaska's interest in the case outweighs any legitimate interest that Washington may have, and the dispute arises from events that occurred wholly within Alaska's territory.
¶ 10 Glover avers that the court erred when it applied principles of interstate comity to dismiss this case because Glover "has a Washington constitutional right of access to the Washington courts."
¶ 11 Alaska's position is well supported in the case law. Our Washington Supreme Court has discussed the application of the principles of interstate comity:
[T]he doctrine of comity is not a rule of law, but one of practice, convenience and expediency. Mast, Foos & Co. v. Stover Mfg. Co., 177 U.S. 485, 488, 20 S.Ct. 708, 709, 44 L.Ed. 856 (1900). Comity allows the courts of one jurisdiction to give effect to laws of another jurisdiction out of deference and respect, considering the interests of each state.
Haberman, 109 Wash.2d at 160-61, 744 P.2d 1032.
Comity allows a state to decline jurisdiction over another state. Such comity is properly exercised when the assumption of jurisdiction would not promote cooperative efforts between states. It is also properly exercised to allow a state court the first opportunity to pass on the constitutional validity of its own rules and regulations.
Carrigan v. California Horse Racing Bd., 60 Wash.App. 79, 85, 802 P.2d 813 (1990) (citations omitted). The long-recognized purposes of the doctrine of interstate comity are to aid in securing "uniformity of decision" and to discourage "repeated litigation of the same question." Mast, Foos & Co. v. Stover Mfg. Co., 177 U.S. 485, 488, 20 S.Ct. 708, 44 L.Ed. 856 (1900). Here, Glover's lawsuit seeks an answer to a question about Alaska's laws different from the answer that has already been provided by the courts of Alaska in their examination of the very claims here at issue. The litigation is entirely duplicative. In addition, insofar as the litigation is also premised on the assumption that Washington courts are somehow more competent than the courts of Alaska in interpreting Alaska's laws, the exercise of jurisdiction would undermine the relationship between Washington and Alaska as co-equal sovereigns.
¶ 12 Glover's position, conversely, is not well supported by applicable authority. He provides no citation to authority that actually supports his contention that the courts of Washington are required to entertain his claims. Rather, he cites Sofie v. Fibreboard Corp., 112 Wash.2d 636, 771 P.2d 711, 780 P.2d 260 (1989), to support the blanket proposition that "the Washington Constitution guarantees a right to a jury trial." This proposition is certainly true, as is Glover's assertion that he must be afforded the same right of access to Washington's courts as would be afforded a Washington citizen. However, neither proposition requires Washington courts to entertain claims more properly litigated in another forum. Sofie addresses the question of whether a portion of *1249 the 1986 tort reform act unconstitutionally limited recoveries of noneconomic damages. See Sofie, 112 Wash.2d at 638, 771 P.2d 711. It has nothing to do with lawsuits brought in Washington courts by out-of-state residents against the governments of sister states. Indeed, it does not appear to have any bearing on Glover's claims at all.
¶ 13 Similarly, Glover's assertion that he is entitled to the same right of access to Washington's courts as would be afforded a Washington citizen is irrelevant to the issue before us. The superior court did not dismiss Glover's claims because Glover is a resident of Alaska. Rather, the superior court dismissed Glover's claims because those claims are completely unrelated to the State of Washington, have already been litigated in Alaska, and turn entirely on questions of Alaska's laws. Glover's assertion that the Washington constitution requires that Washington courts adjudicate his claims is baseless.
¶ 14 Glover's next contention, that the Jones Act expresses Washington's public policy and that dismissal of his claims on the basis of comity violates that public policy, is similarly without merit. Glover cites Second Employers' Liability Cases, 223 U.S. 1, 57, 32 S.Ct. 169, 56 L.Ed. 327 (1912), for the proposition that the Jones Act "is as much the policy" of this state "as if the act had emanated from its own legislature." The quotation, however, is taken entirely out of context. This nearly century-old case simply stands for the principle that the federal constitution's commerce clause enables Congress to enact legislation providing a federal cause of action for personal injury claims and that a state may not decline to enforce such federal statutory law. See Second Employers, 223 U.S. at 57, 32 S.Ct. 169. It has nothing whatsoever to do with whether the courts of one state may, as a product of concerns of interstate comity, decline to exercise jurisdiction over claims brought against a sister state. Certainly, Washington courts may not decline to adjudicate claims that are properly brought in Washington under a validly enacted federal law. But this obligation has no bearing on the application of Alaska's statutory sovereign immunity to claims brought against Alaska by Alaska's own residents. It has even less bearing on the question of whether Washington courts are constitutionally required to rehear cases that have already been adjudicated in a more proper forum.
¶ 15 Glover's final contention, that the superior court was required to exercise jurisdiction over his claims because AS 09.50.250(5) allegedly violates the federal constitution, also misapprehends the nature of comity as a basis for dismissal. Interstate comity is "properly exercised to allow a state court the first opportunity to pass on the constitutional validity of its own rules and regulations." Carrigan, 60 Wash.App. at 85, 802 P.2d 813. The superior court properly relied on principles of comity when it declined to address Glover's federal constitutional claim because a Washington court is not the proper forum in which to decide the constitutionality of an Alaska statute.
¶ 16 The sole purpose of Glover's lawsuit is to relitigate matters already addressed by, and currently on appeal to, the courts of the State of Alaska. Because Alaska's courts have already addressed Glover's claims, because those claims turn entirely on questions of Alaska's laws, and because Washington has no significant interest in examining claims arising wholly in Alaska, principles of interstate comity properly directed the superior court to decline to exercise jurisdiction over this controversy.[3]
¶ 17 Affirmed.
WE CONCUR: APPELWICK, C.J., and ELLINGTON, J.
NOTES
[1] Glover's complaint lists the "State of Alaska, Department of Transportation, Alaska Marine Highway System" as defendants. For convenience, we refer to the respondents simply as "Alaska."
[2] AS 09.50.250 provides that "an action may not be brought" against the State of Alaska "in a state court that has jurisdiction over the claim. . . . if the claim":

. . . .
(5) arises out of injury, illness, or death of a seaman that occurs or manifests itself during or in the course of, or arises out of, employment with the state; AS 23.30 provides the exclusive remedy for such a claim, and no action may be brought against the state, its vessels, or its employees under the Jones Act (46 [App.]U.S.C. 688), in admiralty, or under the general maritime law.
AS 23.30 is the chapter of the Alaska statutes setting out that state's workers' compensation program.
[3] The parties have extensively briefed and argued the question of whether the superior court lacked subject matter jurisdiction over Glover's claims. Because the superior court properly declined to exercise jurisdiction over Glover's claims on the basis of comity we need not reach the question of whether the court was required to dismiss Glover's claims on any other ground.