Argued July 22, affirmed August 11, 1975

STATE OF OREGON, *Respondent, v.* LINDA
JEAN WALLER (No. 74-4195), *Appellant.*
538 P2d 1274

*Russell D. Bevans,* Eugene, argued the cause and
filed the brief for appellant.

300

*Donald L. Paillette,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

Defendant pleaded not guilty to second degree assault, waived a jury trial, entered into a written stipulation of facts and was convicted by the trial court of the lesser included offense of assault in the third degree. ORS 163.165. Defendant received a one-year jail sentence. She appeals, contending that the state failed to establish lack of justification, the defense she relied upon.

The stipulated facts reveal the following: In August 1974 the defendant had approximately seven drinks over the course of an evening and returned to her apartment with a male companion, Robert Wier. Upon arriving at the apartment, defendant was informed by a babysitter that defendant's son Patrick, who was six years of age, had called the babysitter and a younger brother names; specifically, Patrick called the younger brother a "bastard" and uttered one other vulgarity.

Defendant took the babysitter home, leaving Wier and Patrick in the apartment. Upon her return about five minutes later, defendant heard Wier yelling at Patrick, and when she went up to the apartment she saw Wier striking Patrick in the face, causing his nose to bleed.

Patrick was clothed in a pair of brief-type undershorts. Defendant "attempted to take over the pun-

ishment of Patrick," according to the stipulated facts, and "struck him twice in the face with her hand and twice in the area of the buttocks and legs with a belt causing welts, physical injury."

During this time Wier struck defendant's eye with a closed fist causing a black eye. The blow was intended for Patrick.

■ It was further stipulated that the leather belt utilized, in the circumstances of this case, was not a deadly or dangerous weapon.

ORS 163.165 provides, in pertinent part:

"(1)  A person commits the crime of assault in the third degree if he:

"(a)  Intentionally, knowingly or recklessly causes physical injury to another * * *"

The stipulated facts support a determination that defendant intentionally caused physical injury to another. However, defendant raised two types of justification as a defense; such a defense must be disproved beyond a reasonable doubt. ORS 161.055, 161.190.

■ Defendant's first assertion of justification, based on ORS 161.205(1),① was that she used reasonable physical force upon Patrick, who is her six-year-old

---

① ORS 161.205(1) provides:

"The use of physical force upon another person that would otherwise constitute an offense is justifiable and not criminal under any of the following circumstances:

"(1)  A parent, guardian or other person entrusted with the care and supervision of a minor or an incompetent person may use *reasonable physical force* upon such minor or incompetent person when and to the extent he reasonably believes it necessary *to maintain discipline or to promote the welfare of the minor* or incompetent person. A teacher may use reasonable physical force upon a student when and to the extent the teacher reasonably believes it necessary *to maintain order in the school or classroom.*" (Emphasis supplied.)

son, while administering discipline which she believed necessary to promote his welfare. Defendant twice struck the face of the child who had already been struck in the face and was bleeding from the nose; defendant next twice struck the child, who was clad only in undershorts, with a belt on the buttocks and legs, causing welts. All of this was based on the child's alleged utterance of two vulgar words. We are satisfied that this evidence is sufficient for the trial court to conclude beyond a reasonable doubt that, while defendant may have believed it was necessary to punish Patrick, the force she used was not "reasonable" under ORS 161.205(1).

Defendant's second assertion of justification, based on ORS 161.200(1),[2] was that it was necessary that she injure Patrick in order to stop Wier from injuring Patrick more severely.

The requirements of ORS 161.200(1) are set out in the conjunctive rather than the disjunctive; thus, the state need only disprove one element beyond a reasonable doubt to defeat the justification defense. The evidence was sufficient to support a conclusion, beyond a reasonable doubt, that it was not "necessary" for defendant to beat Patrick in order to prevent Wier from doing so. The facts suggest a number of

---

[2] ORS 161.200(1) provides:

"(1)   Unless inconsistent with other provisions of chapter 743, Oregon Laws 1971, defining justifiable use of physical force, or with some other provision of law, conduct which would otherwise constitute an offense is justifiable and not criminal when:

"(a)   That conduct is *necessary* as an emergency measure to avoid an imminent public or private injury; *and*

"(b)   The threatened injury is of such gravity that, according to ordinary standards of intelligence and morality, the desirability and urgency of avoiding the injury clearly outweigh the desirability of avoiding the injury sought to be prevented by the statute defining the offense in issue." (Emphasis supplied.)

reasonable alternatives rendering defendant's actions unnecessary, including asking Wier to stop, telling Wier to leave, removing the child from Wier's presence, and physically resisting Wier's actions.

Affirmed.