[Nos. 14666–1–I; 14671–8–I.   Division One.   September 9, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. RONALD LEE SINGLETON, *Appellant.*

*Mark W. Muenster* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *David H. Smith, Deputy,* for respondent.

CORBETT, C.J.—Ronald Lee Singleton appeals his judgment and sentence for two of three counts of simple assault and the revocation of his probation based on the assault convictions. We affirm.

Defendant married Mary Singleton on February 14, 1984. Following their marriage, they lived in Seattle with 10–year–old Michael Singleton and 15–year–old Carol Pinkerton, the natural children of Mrs. Singleton, and 14–year–old Tracy Gaskill, a friend of Carol's. On February 25, 1984, the defendant and Mrs. Singleton got into an argument

concerning discipline of the children. As a result, the defendant ordered Mrs. Singleton and all of the children into the living room where he made the children remove the pictures and clock from the wall, barricade the room with furniture, and black out the windows. Defendant then struck each of the children in turn, spanking them with a heavy–duty leather glove and, allegedly, with a piece of kindling wood. The episode lasted for about 2 hours. Michael and Carol were beaten repeatedly for refusing to choose who would be beaten next.

Defendant testified that the discipline he administered was an attempt to keep the children from "cussing and fighting each other". He felt the system of restrictions that he and Mrs. Singleton used had not been successful. Defendant argues that the jury should have been instructed to consider the reasonableness of his administration of discipline in light of his own experience with punishment as a child.

The jury was instructed concerning the lawful use of force:

It is a defense to the charge of Simple Assault that the force used or attempted was lawful as defined in this instruction.

The use, attempt or offer to use force upon or toward the person of another is lawful when used in a reasonable and moderate manner by a parent or his authorized agent or a guardian in the exercise of lawful authority to restrain or correct his child or ward.

Instruction 8; RCW 9A.16.020(5). The court refused to give the defendant's proposed instruction:

The reasonableness of the defendant's belief that he is justified in using the amount of force used either in self–defense or as reasonable discipline, is to be measured by the jury standing in the defendant's shoes. The jury must determine if the force used appeared reasonable to the defendant in light of how the situation appeared to him at the time he acted in view of all the facts and circumstances.

In asserting that the force he used was reasonable, the

defendant relied upon the role model of his father, who had used a razor strap to administer punishment. In the defendant's view, the spankings administered here were not unreasonable compared to those he remembered from childhood.

Defendant cites no authority for this subjective standard of the use of force, rather he analogizes to the subjective standard of self–defense. There is no authority for directing a court to instruct a jury that it is to use a subjective standard of reasonableness for parental discipline of children.

■ A parent has a right to use reasonable and timely punishment to discipline a minor child within the bounds of moderation and for the best interest of the child. The parent may decide what is required and the means to impose appropriate control. For this purpose, a parent may inflict *reasonable* corporal punishment. *State v. Thorpe,* __ R.I. __, 429 A.2d 785, 788 (1981); *see Anderson v. State,* 61 Md. App. 436, 487 A.2d 294, 297–99 (1985); *Bowers v. State,* 283 Md. 115, 389 A.2d 341, 348 (1978). The focus is on the welfare of the child and not on the parent's liberty of action. If the limits are exceeded, the parent may be criminally liable for assault. 59 Am. Jur. 2d *Parent and Child* § 24 (1971). The prevalent approach in modern case law is to determine "whether, in light of all the circumstances, the [parental] conduct itself, *viewed objectively,* would be considered excessive, immoderate, or unreasonable." (Italics ours.) 2 P. Robinson, *Criminal Law Defenses* § 144(e)(2), at 171 (1984); *see Bowers,* 389 A.2d at 348; *see also State v. Waller,* 22 Or. App. 299, 538 P.2d 1274, 1275 (1975).

Several courts have identified the circumstances which the trier of fact should consider in determining reasonableness of the punishment: *e.g,* the age, size, sex, and physical condition of both child and parent, the nature of the child's misconduct, the kind of marks or wounds inflicted on the child's body, the nature of the instrument used for punishment, etc. *Harbaugh v. Commonwealth,* 209 Va. 695, 167

S.E.2d 329, 332 (1969); *see State v. Hunt,* 2 Ariz. App. 6, 406 P.2d 208, 222 (1965); *see Carpenter v. Commonwealth,* 186 Va. 851, 44 S.E.2d 419, 424–25 (1947). These factors are objective not subjective. Thus, the force that is made lawful by RCW 9A.16.020 is that which is reasonable and moderate as objectively determined by a jury. This is a limitation upon parental authority. The parent's belief that it is necessary to punish the child does not permit immoderate and unreasonable force. *Waller,* 538 P.2d at 1275.

The lawful force used by a parent against a child is therefore distinguishable from that used in self–defense. In the former, the purpose is to further the interest of the child, *i.e.,* the interest of the person against whom the force is used. In the latter, the purpose is to further the interest of the person who uses the force. Consequently, the standard for parental use of force must be objective whereas the standard for the use of force in self–defense must be subjective.

The court properly refused the offered instruction because it did not correctly state the law concerning the use of force by a parent against a child.

Affirmed.

WILLIAMS and RINGOLD, JJ., concur.