

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No.  35934-4-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| J. L. C. III, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — J.C. appeals from an adjudication in the Yakima County Superior Court finding that he committed fourth degree assault against his mother.  The evidence supported the bench verdict.  We affirm.

## FACTS

Sixteen-year-old J.C. was in his bedroom arguing with his girlfriend, and then with his sister, when his mother, R.L. intervened.  She initially told him he could not leave the house, but then told him that if he did leave, he could not take anything with him.  He was only wearing shorts at the time.  When he attempted to gather up some clothing, his mother grabbed his hands and threw the clothing down.

R.L. threw the dresser in J.C.'s bedroom to the floor.  J.C. pushed her into a wall, knocking the breath out of her.  He then went upstairs to his grandmother's apartment.  Police contacted him there.

J.C. testified in his own behalf that he purposely used language that angered his mother and had pushed her aside in order to re-enter his bedroom to retrieve clothing before departing. He testified that he acted in self-defense when he pushed his mother away.

The trial judge disagreed and determined that the claim of self-defense was not credible. His stated belief that he was afraid of his mother was inconsistent with the fact that he did not immediately leave after pushing her out of the way. Noting that a parent can take "lawful measures" with a child, the judge also concluded that J.C.'s use of force was excessive. The court adjudicated him guilty of fourth degree assault.

A standard disposition involving local sanctions was imposed. J.C. then timely appealed to this court. A panel considered the appeal without hearing argument.

ANALYSIS

J.C. argues that the trial judge erred in rejecting his claim of self-defense and concluding that he assaulted his mother. These arguments are two sides of the same coin—was the evidence sufficient to support the adjudication? Several well understood principles of law govern our review of this argument.

Evidence is sufficient to support a verdict if the trier-of-fact has a factual basis for finding each element of the offense proved beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Green*, 94 Wn.2d 216, 221-222, 616 P.2d 628 (1980). The evidence is viewed in the light most

2

favorable to the prosecution. *Green*, 94 Wn.2d at 221. Appellate courts defer to the trier-of-fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

In bench trials "appellate review is limited to determining whether substantial evidence supports the findings of fact and, if so, whether the findings support the conclusions of law." *State v. Homan*, 181 Wn.2d 102, 105-106, 330 P.3d 182 (2014). "'Substantial evidence' is evidence sufficient to persuade a fair-minded person of the truth of the asserted premise." *Id*. at 106.

Because J.C. raised a claim of self-defense, the burden was on the State to disprove the claim beyond a reasonable doubt. *State v. Acosta*, 101 Wn.2d 612, 615-616, 683 P.2d 1069 (1984). Self-defense is evaluated "from the standpoint of a reasonably prudent person who knows all the defendant knows and sees all the defendant sees." *State v. Read*, 147 Wn.2d 238, 242, 53 P.3d 26 (2002). This analysis involves both subjective and objective components. *Id*. at 242-243. These two components of self-defense break down into four elements: "(1) the defendant subjectively feared that he was in imminent danger of death or great bodily harm; (2) this belief was objectively reasonable"; "(3) the defendant exercised no greater force than was reasonably necessary"; and "(4) the defendant was not the aggressor." *State v. Callahan*, 87 Wn. App. 925, 929, 943 P.2d 676 (1997). Disproof of any one of these elements negates the self-defense claim. *Id*.

A parent is allowed to use force to discipline or restrain a child, although the use of force must be both moderate and objectively reasonable. *State v. Singleton*, 41 Wn. App. 721, 723-724, 705 P.2d 825 (1985). In turn, a child has the right to use self-defense against excessive force by a parent. *State v. Graves*, 97 Wn. App. 55, 61-63, 982 P.2d 627 (1999).

In light of these standards, J.C.'s argument flounders for multiple reasons. First, the trial court disbelieved J.C. when he claimed that he needed to use force against his mother. This determination was understandable in light of J.C.'s conflicting testimony that he struck his mother both because he feared she would assault him and because he wanted to enter his room to retrieve clothing, as well as by the fact that he did not leave immediately after pushing his mother aside. If there is no evidence of self-defense in the eyes of the trier-of-fact, then the State has easily disproved the absence of self-defense.

Second, the use of force was unnecessary. There was no evidence that R.L. either used, or threatened to use, *unreasonable* force against J.C. Viewing the youth's testimony most favorably to him, all that he asserted was that (1) he feared his mom would hit him, and (2) she was preventing him from going to his room to obtain clothing. The first claim fails to establish a necessity for action since he never claimed that he feared she would use excessive force. The second theory fails because he had no right to defend his clothing. She was preventing him from leaving the apartment, as was her right, by forcing him to choose between remaining or leaving without being fully dressed. It was not unreasonable

for her to demand that he stay home. His desire to be elsewhere did not create a right to assault his mother. Even if she subsequently demanded that he leave the apartment, as J.C. contends, he presented no evidence suggesting that he was leaving against his own will and that he necessarily had to assault his mother to carry out her order.

The trial court did not err in determining that J.C. was not acting in self-defense when he assaulted his mother. That determination understandably leads to the conclusion that the State disproved the claim of self-defense beyond a reasonable doubt. Thus, the evidence supported the bench verdict.

The judgment is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Pennell, J.