IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| CRYSTAL UGOLINI, | ) | No.  36156-0-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| FRANK UGOLINI, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — The trial court issued a one-year order of protection prohibiting Frank Ugolini from having any contact with his former wife, Crystal Ugolini, and their three minor children.  The factual basis for the order was Mr. Ugolini's admission that he slapped his 11-year-old son on the cheek as discipline for talking back.

But RCW 9A.16.100 allows reasonable and moderate physical discipline by a parent, teacher, or guardian to restrain or correct a child.  Because the trial court failed to enter findings whether the discipline exceeded that allowed under RCW 9A.16.100, we reverse and remand.

No. 36156-0-III
*Ugolini v. Ugolini*

FACTS

On May 7, 2018, Frank Ugolini's former wife, Crystal Ugolini, filed a petition for an order of protection under chapter 26.50 RCW, the Domestic Violence Protection Act. In her petition, she described prior incidents where Mr. Ugolini assaulted her and their 11-year-old son, B.U. She requested an order of protection be issued to protect herself and their three minor children. A pro tem judge reviewed the petition and issued a temporary protection order that restrained Mr. Ugolini from having any contact with Ms. Ugolini and their three minor children. The petition and order were promptly served on Mr. Ugolini.

Mr. Ugolini filed and served opposing declarations. Mr. Ugolini's declaration disputed most of his former wife's accusations. But his and his current wife's declarations said he recently slapped B.U. on the cheek after repeatedly telling him not to talk back. A police report, made part of the record, shows two officers responded to the incident and they did not see any red marks on B.U.'s face.

A hearing on the order for protection was held on May 31, 2018. The trial court began the hearing by asking Ms. Ugolini whether she still wanted a protection order, to which she responded she did. The trial court then asked Mr. Ugolini to respond.

2

No. 36156-0-III
*Ugolini v. Ugolini*

Through counsel, Mr. Ugolini explained that he does discipline his children. This admission prompted the trial court to rule:

> [T]he request before the Court is for an order for protection. . . . The standard for order for protection is whether or not an individual has caused physical harm, bodily injury, assault, including sexual assault or the threat thereof. . . . Frank told [B.U.] to be quiet or he would get smacked. Crystal instantly replied that is not how we discipline. Physical punishment is not okay. The children are too old. . . . Frank stepped forward and smacked [B.U.] on the cheek. . . . That's domestic violence right, there. . . . What I have is to look at whether or not the petitioner has given a basis for an order for protection to have been granted. And, with the respondent's own witnesses, there's a basis for me to enter this order.
>     So I will be doing so. . . . [A]t this point I'm issuing the [one year] order for protection in its entirety pending any modifications with family law court.

Report of Proceedings at 13-14.

ANALYSIS

Mr. Ugolini contends the trial court erred when it entered the protection order because he used lawful force when disciplining B.U. We agree the trial court erred, but do not determine whether Mr. Ugolini's actions were lawful.

A trial court's grant of a protection order is reviewed for abuse of discretion. *In re Vulnerable Adult Petition for Knight*, 178 Wn. App. 929, 936, 317 P.3d 1068 (2014). Abuse of discretion is found only when the decision is "'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" *State v. McCormick*, 166

3

Wn.2d 689, 706, 213 P.3d 32 (2009) (quoting *State ex rel. Carroll v. Junker*, 79 Wn.2d

12, 26, 482 P.2d 775 (1971)).  Untenable reasons include errors of law.  *Cook v. Tarbert*

*Logging, Inc.*, 190 Wn. App. 448, 461, 360 P.3d 855 (2015).

> A petition for a protection order can be commenced by

> [a]ny person . . . filing a petition with a court alleging that the person has been the victim of domestic violence committed by the respondent.  The person may petition for relief on behalf of himself or herself and on behalf of minor family or household members.

RCW 26.50.020(1)(a).  "Domestic violence" includes "[p]hysical harm, bodily injury,

assault, or the infliction of fear of imminent physical harm, bodily injury or assault,

between family or household members."  Former RCW 26.50.010(3)(a) (2015).

"Family or household members" include former spouses and biological children.

RCW 26.50.010(6).

In her petition, Ms. Ugolini claimed Mr. Ugolini assaulted her and their 11-year-

old son, B.U.  There are three forms of assault: (1) assault by actual battery, (2) assault by

attempt to cause injury, and (3) assault by attempt to cause fear or apprehension of injury.

*State v. Hall*, 104 Wn. App. 56, 62, 14 P.3d 884 (2000).  The form of assault at issue here

is assault by actual battery.  This form of assault occurs when there is any "intentional

touching or striking of another person that is harmful or offensive."  *State v. Tyler*, 138

Wn. App. 120, 130, 155 P.3d 1002 (2007). But the legislature has deemed certain

intentional touching or striking permissible.

The legislature created a safe harbor that allows a parent, teacher, or guardian to

use reasonable and moderate force to restrain or correct a child. RCW 9A.16.100

provides, in relevant part:

> It is the policy of this state to protect children from assault and abuse and to
> encourage parents, teachers, and their authorized agents to use methods of
> correction and restraint of children that are not dangerous to the children.
> However, the physical discipline of a child is not unlawful when it is
> reasonable and moderate and is inflicted by a parent, teacher, or guardian
> for purposes of restraining or correcting the child.

The statute sets forth a nonexclusive list of physical disciplinary actions that are

presumed unreasonable:

> (1) Throwing, kicking, burning, or cutting a child; (2) striking a child with a
> closed fist; (3) shaking a child under age three; (4) interfering with a child's
> breathing; (5) threatening a child with a deadly weapon; or (6) doing any
> other act that is likely to cause and which does cause bodily harm greater
> than transient pain or minor temporary marks. The age, size, and condition
> of the child and the location of the injury shall be considered when
> determining whether the bodily harm is reasonable or moderate.

RCW 9A.16.100.

Courts must consider all of the circumstances of the physical discipline, and

determine whether it was objectively excessive, immoderate, or unreasonable. *In re*

*Dependency of H.S.*, 188 Wn. App. 654, 664, 356 P.3d 202 (2015); *State v. Singleton*,

41 Wn. App. 721, 723, 705 P.2d 825 (1985); *see also* former WAC 388-15-009(2) (2002) (other factors may include the developmental level of the child and the nature of the misconduct).

While this court has not analyzed RCW 9A.16.100 in the context of "domestic violence," it has analyzed the statute in the context of "abuse and neglect." *H.S.*, 188 Wn. App. 654. There, a 16-year-old girl was removed from her father's care when she reported that her father and stepmother had slapped and spanked her. Teachers and social service officials were unable to find any marks to corroborate her reports. Nevertheless, a dependency action was commenced, and a contested hearing was held. During the hearing, the father and stepmother admitted to slapping the daughter to discipline her for talking back and behaving violently. The trial court found the girl dependent, and the father appealed. We held that the use of an open hand to slap a child on the face is "permissible so long as it does not 'cause bodily harm greater than transient pain or minor temporary marks.'" *Id.* at 665 (quoting RCW 9A.16.100).[1]

This case is similar to *H.S.* While *H.S.* dealt with the definition of abuse and this case deals with the definition of domestic violence, the circumstances surrounding both

---

[1] The holding should be taken in context. The result would have been different had the child been small. As implied by RCW 9A.16.100, the smaller the child, the more likely a slap on the face will be deemed unreasonable or immoderate.

6

remain consistent. Both cases involve a parent slapping his child on the face as discipline; and in both instances, independent witnesses did not see any marks on the child's face after the slap. B.U. was likely smaller and more vulnerable than the 16-year-old girl in *H.S.* Whether Mr. Ugolini acted within or outside of the safe harbor created by RCW 9A.16.100 is a question of fact, a question we do not answer.

The trial court abused its discretion by not analyzing the appropriate factors and concluding that any physical discipline by a parent constitutes domestic violence. By its terms, the order of protection has expired. Nevertheless, we remand for the trial court to vacate the wrongfully issued order and any other order in this case issued based upon it. We grant this relief because such orders, if wrongfully issued, often have collateral consequences that extend beyond the orders' duration.

Reversed and remanded.

_____
Lawrence-Berrey, C.J.

WE CONCUR:

_____         _____
Korsmo, J.                        Pennell, J.

7