IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Vulnerable Adult Petition for: | ) ) ) | No. 39134-5-III (consolidated with No. 39135-3-III) |
| MARION COX. | ) ) ) | |
| KATHERINE M. SOWLE, | ) ) | |
| Respondent, | ) ) | UNPUBLISHED OPINION |
| and | ) ) | |
| SALLY A. TAPIA and JANE H. COX, | ) ) | |
| Appellants. | ) | |

PENNELL, J. — Sisters Jane Cox and Sally Tapia appeal vulnerable adult protection orders (VAPOs) issued against them on behalf of their mother, Marion Cox. We affirm the VAPO as to Jane Cox but reverse without prejudice the VAPO as to Sally Tapia.

FACTS

Marion Cox is in her late 80s and suffers from dementia. She has lived in a care facility since February 2020.

On April 22, 2021, Marion Cox met with a lawyer to execute estate planning documents. Included were a durable power of attorney for health care and a statutory power of attorney. Both named two of her children, Thomas Cox and Katherine Sowle,

as co-attorneys-in-fact. According to the lawyer, Marion Cox was "coherent and alert" at the time she signed the documents and she "did not appear to be under any undue influence of any person." Clerk's Papers (CP) at 316-317.

Approximately one month later, Ms. Sowle petitioned for a VAPO on behalf of her mother against one of Ms. Sowle's sisters, Jane Cox. The petition alleged Jane Cox had engaged in disruptive behavior at her mother's care facility. Among other things, the petition stated Jane Cox invaded her mother's privacy by filming her on the toilet, feeding her foods she was not supposed to eat, and acting aggressively toward her mother and the facility staff. On a few occasions, the staff summoned police due to Jane Cox's behavior, and during one such occasion, the police had to physically restrain Jane Cox to remove her from the premises when she refused to leave. Katherine Sowle, Thomas Cox, and two other siblings submitted declarations in support of the petition.

The VAPO petition was accompanied by a document entitled "Notice to the Vulnerable Adult." *Id*. at 29. The notice stated a hearing on the VAPO petition was scheduled for May 25, 2022. It also explained the rights of the vulnerable adult during the petition process and the consequences of a final order. No proof of service was filed on this notice. However, Ms. Sowle later filed a declaration, explaining she had reviewed the VAPO documents with her mother. *Id*. at 134.

A temporary VAPO was issued on May 12, 2022. The temporary order included the following preprinted language: "The respondent and the vulnerable adult, if not the petitioner, were notified in writing of the ex parte hearing and their opportunity to be heard, or will be served notice of his or her opportunity to be heard at the scheduled hearing noted above." *Id*. at 31. The next hearing was set for May 25 at 8:30 a.m.

The May 25 hearing went forward as scheduled. Jane Cox did not appear or file a response. The record does not reflect whether Marion Cox was present at the hearing. The court entered the VAPO against Jane Cox and also awarded Ms. Sowle $1,350 in attorney fees.

Jane Cox filed a motion for reconsideration on June 3, 2022. She claimed she received notice only two days before the hearing and had insufficient time to prepare or respond. Jane Cox disputed the allegations against her, and asserted she was "confident" Ms. Sowle had not "read any of these papers to Mother." CP at 61. Sally Tapia, another of Marion Cox's daughters, filed a declaration in support of Jane Cox's motion. Ms. Tapia claimed the power of attorney executed by her mother was not operative as her mother was not incapacitated. Ms. Tapia also asserted her mother had not been served with the VAPO materials and that her mother was opposed to the VAPO.

A hearing on the motion for reconsideration was held on June 30, 2022. Jane Cox appeared with counsel and requested a continuance, in part, to allow for service on her mother. Jane Cox's attorney noted that the court had entered an order directing the sheriff to serve Marion Cox with the reconsideration documents on June 28. The court noted that service had taken place on June 29 and that proof of service had been filed on the morning of June 30.

The court granted the continuance, stating:

> I don't know if Marion Cox will or will not be here. . . . She doesn't need to be personally here. If she wants to be here by Zoom, then that's her choice. So I'm going to leave that at this point open for decision by whoever, I guess. [Jane Cox's attorney] can subpoena [Marion] Cox to appear by Zoom if that's the family—that's his client's decision or not, I don't know, but just saying for today we haven't heard from [Marion] Cox, and we may need to with respect to some of these issues that have arisen regarding the Power of Attorney healthcare directive.

Rep. of Proc. (RP) (Jun. 30, 2022) at 16-17.

Ms. Sowle subsequently filed an additional declaration stating her mother made it clear to her that she, Marion Cox, did not want an attorney to represent her in this matter, that she did not want to be in court, and that she felt confident her children Katherine Sowle and Thomas Cox would act in her best interests. Ms. Sowle also submitted statements from Marion Cox's doctors, stating Marion Cox had a moderative cognitive

4

impairment and opining that Marion Cox was "not capable of making her own medical and financial decisions." CP at 590.

Ms. Sowle additionally petitioned for a second VAPO on behalf of her mother, this time against Sally Tapia. The petition claimed Marion Cox was incapacitated and unable to protect her own interests. It alleged that on July 11, 2022, Ms. Tapia had taken her mother away from her care facility in violation of the facility's policy as well as Ms. Sowle's instructions as the power of attorney. The petition alleged Marion Cox missed three rounds of medications during her absence and that, during the trip away from the facility, Ms. Tapia coerced her mother into signing a contract with an attorney who had been recruited by Ms. Tapia. The attorney in question subsequently filed a notice of appearance in the VAPO case against Jane Cox.

Like the first petition, the second VAPO petition was accompanied by a document entitled "Notice to the Vulnerable Adult." *Id*. at 403. The notice stated a hearing on the VAPO petition was scheduled for July 21, 2022. It explained the same rights and consequences as the previous notice. Once again, no proof of service was filed for this notice. Unlike the matter involving Jane Cox, Ms. Sowle did not submit a declaration indicating whether she had reviewed the VAPO materials with her mother.

A temporary VAPO was issued against Ms. Tapia on July 13, 2022. The temporary order included the following preprinted language: "The respondent and the vulnerable adult, if not the petitioner, were notified in writing of the ex parte hearing and their opportunity to be heard, or will be served notice of his or her opportunity to be heard at the scheduled hearing noted above." *Id.* at 405. The next hearing was set for July 21 at 10:00 a.m. The record fails to indicate whether Marion Cox received a copy of the temporary VAPO.

A joint hearing on both VAPO matters was held on July 21, 2022. Katherine Sowle, Jane Cox, and Sally Tapia were all present at the hearing and represented by counsel. Marion Cox did not appear for the hearing, but the attorney retained through Sally Tapia was present.

At the hearing, the court determined Marion Cox lacked the capacity to contract for legal representation. Thus, the court dismissed the attorney that had been retained through Ms. Tapia. The court went on to the merits of the cases, despite arguments from Jane Cox and Sally Tapia that Marion Cox had not received sufficient notice of the proceedings. The court determined the information supplied by Ms. Sowle was more persuasive than that submitted by Jane Cox and Sally Tapia. The court found Jane Cox and Sally Tapia had abused and personally exploited their mother by forcing, compelling,

and exerting undue influence over her. The court also found the powers of attorney executed by Marion Cox were valid and enforceable. The court issued VAPOs against both Jane Cox and Sally Tapia and entered final judgments against both, requiring them to pay Ms. Sowle's costs and attorney fees.

Marion Cox was served via certified mail with the VAPOs on July 21, 2022.

Jane Cox and Sally Tapia separately filed notices of appeal. They are represented by the same attorney and their appeals have been consolidated for review.

## VULNERABLE ADULT PROTECTION ORDERS

The abuse of vulnerable adults act (AVAA), chapter 74.34 RCW, was enacted to protect vulnerable adults who "may be subjected to abuse, neglect, financial exploitation, or abandonment, by a family member." RCW 74.34.005(1). The statutory definition of a "vulnerable adult" is inclusive of a person who is "[s]ixty years of age or older who has the functional, mental, or physical inability to care for [themselves]." RCW 74.34.020(21)(a); RCW 7.105.010(37)(a). One method of protection is a VAPO, which may be filed by the vulnerable adult or an "interested person on [their] behalf," which would include the vulnerable adult's guardian or legal fiduciary. RCW 7.34.110; former RCW 74.34.210 (2007), *repealed by* LAWS OF 2021, ch. 215, § 170.

At the time the original petition against Jane Cox was filed in May 2022, the AVAA, under former RCW 74.34.115 (2007) and former 74.34.120 (2007), outlined the notice and hearing requirements for a VAPO proceeding. However, during the course of these proceedings the law changed. Effective July 1, 2022, the Washington Legislature repealed some sections of the AVAA and consolidated the law overseeing various types of protection orders, including VAPOs, under chapter 7.105 RCW. *See* LAWS OF 2021, ch. 215, § 170. Under the current version of the AVAA, a petitioner may seek a VAPO under chapter 7.105 RCW. RCW 74.34.110.

Under the current and former versions of the VAPO statute, a petition for protection may be filed either by the vulnerable adult or an "interested person" on the vulnerable adult's behalf. RCW 74.34.110; former RCW 74.34.110(1) (2007). An "interested person" is defined as "a person who demonstrates to the court's satisfaction that the person is interested in the welfare of the vulnerable adult, that the person has a good faith belief that the court's intervention is necessary, and that the vulnerable adult is unable, due to incapacity, undue influence, or duress at the time the petition is filed, to protect [their] own interests." RCW 7.105.010(19); RCW 74.34.020(11).

If the petition is filed by an interested person (as opposed to the vulnerable adult themselves) "notice of the [VAPO] petition and hearing must be personally served upon

8

the vulnerable adult." Former RCW 74.34.120(3); RCW 7.105.150(6). The petitioner must also provide notice to the vulnerable adult explaining the purpose and nature of the petition as well as the rights of the vulnerable adult to participate in the proceedings to either support or object to the petition. Former RCW 74.34.115(1)(c); RCW 7.105.150(6). If a vulnerable adult objects to entry of the protection order, the matter may be subject to dismissal. Former RCW 74.34.135 (2007), *repealed by* LAWS OF 2021, ch. 215, § 170; RCW 7.105.220.

We review a trial court's decision on whether to issue a protection order for abuse of discretion. *See Ugolini v. Ugolini*, 11 Wn. App. 2d 443, 446, 453 P.3d 1027 (2019). Discretion is abused if the court's decision is rooted in legal error or is exercised on untenable grounds or for untenable reasons. *Id.*

## ANALYSIS

Jane Cox and Sally Tapia argue the trial court abused its discretion in issuing the VAPOs against them. We group their arguments into three parts: (1) lack of notice to Marion Cox, (2) violations of Marion Cox's due process rights, and (3) reliance on the wrong standard of proof. We address each argument in turn.

*Notice*

Jane Cox and Sally Tapia contend Katherine Sowle failed to notify Marion Cox

of the protection order proceedings. They argue this deprived the court of subject matter

and personal jurisdiction, and therefore requires dismissal. This is a legal matter,

reviewed de novo. *See Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*,

162 Wn.2d 59, 71, 170 P.3d 10 (2007); *State v. LG Elecs., Inc.*, 186 Wn.2d 169, 176,

375 P.3d 1035 (2016).

Viewed solely in terms of jurisdiction, these arguments fail.

"Subject matter jurisdiction simply refers to the court, in which a party files

a suit or a motion, being the correct court for the type of suit or character of a motion."

*In re Est. of Reugh*, 10 Wn. App. 2d 20, 48, 447 P.3d 544 (2019). "The superior courts

have jurisdiction over vulnerable adult protection order proceedings." RCW 7.105.065.

Because Ms. Sowle filed the VAPO petitions in superior court, subject matter jurisdiction

was satisfied.

"Personal jurisdiction refers to the power of a court over [a] person." *Downing v.

Losvar*, 21 Wn. App. 2d 635, 653, 507 P.3d 894 (2022). "Personal jurisdiction affords a

tribunal the prerogative to subject and bind a particular person or entity to its decisions."

*Id*. Because Marion Cox did not petition for the VAPO on her own behalf, it is doubtful

whether she is a party that may be subjected to a trial court's personal jurisdiction. *See

Goldsmith v. Dep't of Soc. & Health Servs.*, 169 Wn. App. 573, 583, 280 P.3d 1173

10

(2012). Regardless, for reasons set forth more fully below, Jane Cox and Sally Tapia do not have standing to claim lack of personal jurisdiction on behalf of Marion Cox. *See In re Marriage of Dugan-Gaunt*, 82 Wn. App. 16, 20 n.2, 915 P.2d 541 (1996).

While subject matter and personal jurisdiction may not be at issue, the question of notice remains salient. The VAPO statute requires notice to the vulnerable adult as a prerequisite to the court's exercise of jurisdiction. *See* former RCW 74.34.115(1)(c); former RCW 74.34.120; RCW 7.105.150(6). Ms. Sowle argues that because she holds a power of attorney for her mother, an incapacitated person, RCW 4.28.080(12) and RCW 11.130.010(15)[1] permit her to receive legal service on behalf of her mother. RCW 4.28.080(12) provides that, in an action against a person for whom a guardian has been appointed, service may be made upon said guardian. As explained in RCW 11.130.010(15), a power of attorney is not a guardianship, but a "less restrictive alternative." Although the superior court here found Marion Cox lacked the capacity to contract for legal representation, it did not appoint Ms. Sowle, or anyone else for that matter, to be Marion Cox's guardian, and the power of attorney did not act as such.

[1] Ms. Sowle cites to RCW 11.30.010(15) in her brief, which does not appear to exist under Washington law. However, considering the context of her argument, this court assumes she refers to RCW 11.130.010(15) as it provides the definition for a "less restrictive alternative" referred to by Ms. Sowle under the uniform guardianship, conservatorship, and other protective arrangements act, chapter 11.130 RCW.

Even if this court were to assume Ms. Sowle is generally able to accept service of legal notice in her capacity as Marion Cox's attorney-in-fact, the VAPO statute's notice provisions do not simply require lawful service; they mandate an explanation to the vulnerable adult of the nature of the proceedings and the right to support or object to the petition. *See* former RCW 74.34.115(1)(c); former RCW 74.34.120; RCW 7.105.150(6). Service upon on a vulnerable adult's attorney-in-fact in a VAPO proceeding is not an adequate substitute.

Looking at the record here, the trial court had a tenable basis for concluding Ms. Sowle notified her mother of the VAPO petition against Jane Cox. Ms. Sowle filed a declaration, explaining she had reviewed the original VAPO documents with her mother. And Marion Cox was also personally served with Jane Cox's paperwork regarding the reconsideration motion. While Jane Cox and Sally Tapia speculated that Ms. Sowle had not reviewed the VAPO materials with her mother, their claims did not purport to be based on personal knowledge. And the trial court found Ms. Sowle more credible than her sisters. Given this record, the superior court did not abuse its discretion in determining Marion Cox had received adequate notice of the VAPO petition regarding Jane Cox.

The record regarding the petition against Sally Tapia is different. Ms. Sowle neither declared nor otherwise affirmed that she reviewed the VAPO materials regarding

12

Sally Tapia with their mother. And the record does not contain any proof of service as to notice of the Sally Tapia VAPO petition upon Marion Cox prior to entry of the court's final order. Ms. Sowle's attorney advised the court that Marion had been notified of the VAPO proceeding, but there was no evidence in the record to support this claim.[2] Thus, although the trial court had subject matter jurisdiction over the VAPO petition against Sally Tapia, the court abused its discretion in disregarding Sally Tapia's notice arguments and exercising jurisdiction in the absence of sufficient proof of notice to Marion Cox as required by statute. The VAPO petition against Sally Tapia must be dismissed.

*Due process*

Jane Cox and Sally Tapia argue the trial court violated Marion Cox's due process rights by interfering with her ability to participate in the proceedings and retain legal counsel. Ms. Sowle argues Jane Cox and Sally Tapia lack standing to assert this claim on behalf of their mother. We agree with Ms. Sowle.

Standing is a question of law reviewed de novo. *In re Guardianship of Karan*, 110 Wn. App. 76, 81, 38 P.3d 396 (2002). Generally, "one may not claim standing in this Court to vindicate the constitutional rights of some third party." *Barrows v. Jackson*,

---

[2] On appeal, Ms. Sowle's only arguments regarding notice upon Marion Cox as to the VAPO petition against Sally Tapia are based on her status as power of attorney.

346 U.S. 249, 255, 73 S. Ct. 1031, 97 L. Ed. 1586 (1953). However, a litigant may have standing to assert the rights of a third party upon showing that: (1) the litigant suffered an injury-in-fact giving them a concrete interest in the outcome of the dispute, (2) the litigant has a close relationship with the third party, and (3) the third party is hindered from protecting their own interests. *Mearns v. Scharbach*, 103 Wn. App. 498, 512, 12 P.3d 1048 (2000). "A litigant purporting to vindicate a third party's constitutional rights bears the burden of demonstrating that 'the allegedly injured third party lacks the ability to vindicate [their] rights.'" *In re Guardianship of Decker*, 188 Wn. App. 429, 445, 353 P.3d 669 (2015) (quoting *In re Guardianship of Cobb*, 172 Wn. App. 393, 403, 292 P.3d 772 (2012)).

Jane Cox and Sally Tapia have not demonstrated standing to assert their mother's due process rights.[3] The factor we find most salient is the second requirement—a sufficiently close relationship. The trial court found, based on substantial evidence, that they had engaged in activities that threatened the safety and welfare of Marion Cox. Given this circumstance, Jane Cox and Sally Tapia will not be heard to assert

---

[3] In their reply brief, Jane Cox and Sally Tapia argue that their own "liberty rights in their relationship with their mother" were deprived, thus giving them standing to bring the due process claim. Reply Br. of Appellants at 4. However, their opening brief makes no such claim, focusing only on asserting the rights of their mother.

constitutional rights on behalf of Marion Cox.

*Standard of proof*

Finally, Jane Cox and Sally Tapia argue the trial court invoked the wrong standard

of proof in deciding the VAPO petitions. They appear to argue that the trial court

improperly applied a preponderance of the evidence standard instead of the more onerous

standard of clear, cogent, and convincing evidence. Resolution of the applicable standard

of proof is a legal matter, reviewed de novo. *State v. Elmore*, 155 Wn.2d 758, 768, 123

P.3d 72 (2005).

In *In re Vulnerable Adult Petition for Knight*, this court held that if a vulnerable

adult objects to entry of a protection order, the standard of proof is clear, cogent, and

convincing evidence. 178 Wn. App. 929, 933, 940, 317 P.3d 1068 (2014). *Knight* was

decided in the absence of any statutory language regarding "the necessary standard of

proof for a vulnerable adult protection order." *Id*. at 938.

*Knight*'s holding regarding the applicable standard of proof has been overridden

by recent statutory changes. Under RCW 7.105.225(1)(d), which was in effect at the time

of the superior court's final orders here, a VAPO is governed by a "preponderance of

the evidence" standard of proof. There are no exceptions. Thus, even if we were to

15

construe the record to indicate Marion Cox had objected to the VAPO, the claim to a heightened standard of proof necessarily fails.

## ATTORNEY FEES AND COSTS

The parties on appeal all request attorney fees. Under RCW 7.105.310(1)(j), courts have broad discretion to grant a petitioner costs incurred in bringing a protection order petition, including reasonable attorney fees. Because the results of this appeal are mixed, we deny these requests. All parties shall bear their own attorney fees and costs.

## CONCLUSION

We affirm the VAPO and related judgment as to Jane Cox. The VAPO and judgment as to Sally Tapia is reversed without prejudice.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, J.
Pennell, J.

WE CONCUR:

_____, C.J.          _____, J.
Lawrence-Berrey, C.J.                          Fearing, J.